■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID SANTMYER and HERMAN SANTMYER, Appellants.— Judgment unanimously reversed on the law and facts and a new trial granted. Memorandum: Defendant, David Santmyer, was an employee of one Nash. In the early hours of a morning David was riding in his employer's truck while it was being operated by his brother, the defendant Herman, when it was stopped by a police officer. Neither had a license to operate a vehicle but each informed the officer to the contrary. Each was given a ticket for driving without a license. David further told the officer he had permission from his employer to use the vehicle. Subsequently, upon a guilty plea to operating the vehicle without a license, David was incarcerated for 10 days for failure to pay a fine. During such confinement separate warrants were issued accusing each defendant of grand larceny for the claimed unauthorized use of the vehicle. Upon completion of his jail sentence, David was arrested upon the felony warrant and before arraignment signed two statements in which he confessed that the use of the truck was unauthorized. At that time he was without counsel and had not yet been advised of his right to counsel. Thereafter, upon the trial, those statements were received in evidence over objections. The jury returned a verdict of guilty of unauthorized use of a motor vehicle against each defendant. The important issue was whether the defendant David had the owner's permission to use the truck. If he did then the defendant Herman would also impliedly have such permission. (*Jackson* v. *Brown & Kleinhenz*, 273 N. Y. 365; *Brindley* v. *Krizsan*, 18 A D 2d 971, affd. 13 N Y 2d 976.) We conclude it was error requiring a reversal of his conviction to receive in evidence the confessions of David. There is no logical or valid distinction between a post-arrest statement or confession obtained after filing an information upon which a warrant of arrest is issued and a post-indictment statement or confession obtained after filing an indictment. In each instance a defendant is no longer a suspect but an accused held under court process to await trial and entitled to counsel at every stage of the proceedings. (See *People* v. *Waterman*, 9 N Y 2d 561; *People* v. *Meyer*, 11 N Y 2d 162.) Since the written statements of David, which were improperly before the jury, implicated his codefendant Herman, there

must also be a reversal of his conviction in the interests of justice. (*People* v. *Donovan*, 13 N Y 2d 148.) (Appeal from judgment of Herkimer County Court convicting defendants of grand larceny, second degree.) Present — Bastow, J. P., Goldman, Henry and Del Vecchio, JJ.