■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LESTER MARVIN FRENCH, Appellant.— REYNOLDS, J.   Appeal from a judgment of conviction of the County Court, Madison County, entered on a jury verdict finding the appellant guilty of the crime of attempted sodomy, second degree (Penal Law, § 690). Appellant has been found guilty of attempted sodomy with a 14-year-old boy and the record contains ample evidence to support the jury's verdict. The jury could properly find that appellant attempted the act but did not complete it (cf. *People* v. *Cosad,* 253 App. Div. 104). Appellant asserts also that he is entitled to a hearing under *People* v. *Huntley* (15 N Y 2d 72) as to voluntariness of his statement to investigator McKaig. However, since appellant did not object to the admission of this testimony and the question of voluntariness was not submitted to the jury by the court no hearing is required (*People* v. *Huntley, supra,* p. 77). Judgment affirmed. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS F. BARRON, Appellant.— MEMORANDUM BY THE COURT.   Defendant was convicted of the crime of forgery in the second degree (Penal Law, § 887, subd. 4) after a fair trial and upon evidence clearly adequate to sustain the conviction. The short-form indictment employed conformed to sections 295-b, 295-c and 295-d of the Code of Criminal Procedure and was a sufficient written accusation as to comply with the requirements of the State Constitution. (*People* v. *Bogdanoff,* 254 N. Y. 16.) Absent a demand for the particulars of the crime charged (Code Crim. Pro., § 295-g) no duty devolved upon the District Attorney to furnish them and his failure voluntarily so to do deprived defendant of no constitutional right. (*People* v. *Williams,* 7 A D 2d 826.) Judgment affirmed. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CARLTON H. BEADLE, Appellant.— HERLIHY, J.   Defendant appeals from an order denying application for a writ of error *coram nobis* without a hearing. On June 15, 1960 the defendant-appellant was arraigned on an indictment charging forgery in the second degree and was advised of his right to counsel, which he refused, and thereafter entered a plea of guilty. The appellant does not raise any issue as to this part of the proceeding. The court, for the purpose of obtaining a probation report, deferred sentence and thereafter on July 13 the appellant was brought into court again and asked if he had anything to say or any legal excuse why sentence should not be imposed, to which he answered " no ", and was accordingly sentenced to Elmira Reformatory, to which no objection is raised. The appellant's sole contention is that at the time of sentencing on the adjourned date, he should have again been advised of his right to counsel. We find, on this record, that the rights of the appellant were protected and that it was not mandatory at the time of sentence to advise him again as to his right to counsel. The appellant does not assert that he did not know his rights at the time of the sentence or that the proceedings related thereto were not in accordance with the Code of Criminal Procedure. There is no dispute as to the basic facts and therefore a hearing would serve no useful purpose. *People* v. *Callahan* (19 A D 2d 585), upon which the appellant places great reliance, is not applicable to the present facts. Order affirmed. Gibson, P. J., Reynolds, Aulisi and Hamm, JJ., concur.