**UNITED STATES of America, Appellee,**

v.

**Lavone CURRIE and Leonard Price, Defendants-Appellants.**

**No. 505, Docket 29059.**

United States Court of Appeals Second Circuit.

Argued June 17, 1965.

Decided Dec. 15, 1965.

John T. Curtin, U. S. Atty., Buffalo, N. Y., for appellee.

Edwin E. McAmis, New York City (Theodore Wm. Tashlik and Regan, Goldfarb, Powell & Quinn, New York City, of counsel; Anthony F. Marra, New York City, on the brief), for appellants.

Before KAUFMAN, HAYS and MARSHALL,* Circuit Judges.

HAYS, Circuit Judge:

Currie and Price were charged with interstate transportation of stolen securities in violation of 18 U.S.C. §§ 371 and 2314. After a jury trial lasting ten days they were found guilty along with two other defendants who have not appealed.[1] Currie was sentenced to five years imprisonment on each of the five counts on which he was convicted, the sentences to run concurrently. Price was sentenced to eighteen months imprisonment on each of the three counts on which he was convicted, the sentences to run concurrently.

On this appeal Currie attacks the admissibility of evidence as to certain statements allegedly made by him to agents of the Federal Bureau of Investigation after his arrest but before he was arraigned and before he retained counsel. Price relies largely on the claim that admitting this evidence constituted error as to him also.

Currie was arrested by Agent Connors of the Federal Bureau of Investigation between 3:15 and 3:30 P.M. on February 6, 1963.[2] He was taken to the office of the Federal Bureau of Investigation, which he reached "sometime after four o'clock."

Agent Connors informed Currie that "he need not make any statement to me, that any statement made could be used in a court of law; that he had a right to consult with his attorney, and he could contact one if he so desired." At this point Currie was allowed to call his mother. He told her "to try to get ahold of Mahoney and see how much he wanted to handle the case and if he is not available to try Doyle." Currie then signed a form which Connors presented to him in which he, Currie, consented to a search of his room. Thereupon Connors and another agent proceeded to question Currie about the negotiation of the securities which were the subject of the charges against him.

Although Currie at first denied any knowledge of the transactions about which the agents were questioning him, he soon admitted his part in the crime and described extensively the activities in which he and others had engaged. This period of questioning lasted about two hours and twenty minutes. It was concluded when Currie noticed that Connors was making notes. Currie said "that he didn't care to discuss the matter any further." Currie was then taken before a commissioner for arraignment.

Price was also arrested. After being informed of his rights, he talked with his lawyer by telephone and announced that he did not care to make any statement. He was immediately taken before a commissioner.

At the trial Agent Connors testified at length as to Currie's inculpatory answers to the agents' questions. The only objection made to this testimony was on the ground of absence of probable cause for the arrest of Currie. (See footnote 2, supra.)

Currie argues that evidence of the inculpatory statements made to the agents was inadmissible because:

(1) The statements were made during a period of unreasonable and unnecessary

---

* Judge MARSHALL participated in the hearing of this case. He resigned before the case was finally decided.

1. Two additional defendants were discharged by the court for failure of proof; two others pleaded guilty and testified as prosecution witnesses.

2. At the trial objection was made to the admission of certain statements made by Currie on the ground that the warrant of arrest was defective. Judge Henderson ruled that there was probable cause for arrest without a warrant. No objection to this ruling has been advanced on this appeal.

delay in his arraignment. Rule 5(a), Federal Rules of Criminal Procedure; McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943); Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957).

(2) Currie was not properly advised of his constitutional rights as is required by Rule 5(b) of the Federal Rules of Criminal Procedure.

(3) The statements were given when Currie was without the assistance of counsel to which he was entitled under the Sixth Amendment.

■ (1) The delay of about two hours and twenty minutes in taking Currie before a commissioner was not unreasonable. See United States v. Vita, 294 F.2d 524 (2d Cir. 1961), cert. denied, 369 U.S. 823, 82 S.Ct. 837, 7 L.Ed.2d 788 (1962); United States v. Ladson, 294 F.2d 535 (2d Cir. 1961), cert. denied, 369 U.S. 824, 82 S.Ct. 840, 7 L.Ed.2d 789 (1962). There was nothing to indicate that it was unnecessary since there is no claim that a commissioner was available at an earlier time. See United States v. Ladson, supra. Moreover the period between arrest and arraignment was not used to force an admission from Currie, see McNabb v. United States, supra, but to investigate, through the questions directed at Currie, a complicated series of transactions involving a number of people, i. e. to "check their stories, and to run down leads which either confirm or contradict those stories." United States ex rel. Corbo v. La Vallee, 270 F.2d 513, 518 (2d Cir. 1959), cert. denied sub nom. La Vallee v. Corbo, 361 U.S. 950, 80 S.Ct. 403, 4 L.Ed.2d 382 (1960). See also United States v. Hall, 348 F.2d 837 (2d Cir. 1965).

■ In any event the appellant Currie is in no position to raise this point since he did not object on this ground to the admission of the evidence. See United States v. Indiviglio, 352 F.2d 276 (2d Cir. 1965) and cases cited therein at pp. 279, 280; United States v. Torres, 343 F.2d 750 (2d Cir. 1965).

■ (2) In complaining that he was not properly informed of his rights, Currie mistakes the meaning and effect of Rule 5(b) of the Federal Rules of Criminal Procedure. That Rule provides that the *commissioner* shall inform the defendant of his rights at the time of arraignment. Currie complains because he was informed of his rights by Agent Connors *rather than by the commissioner.* But there is no suggestion to be found in the record that Currie was not informed of his rights by the commissioner in complete conformity with Rule 5(b). That Agent Connors also informed Currie of his rights can hardly constitute a ground of complaint.

■ But Currie complains of the form of words which Agent Connors used in informing him of his rights.[3] There is at the very least a considerable doubt whether in the circumstances of this case Connors was charged with a duty to inform Currie of his Fifth and Sixth Amendment rights before questioning him. See United States v. Cone, 354 F.2d 119 (2d Cir. 1965); United States v. Robinson, 354 F.2d 109 (2d Cir. 1965). In any event, however, there is no fixed formula which must be used in giving this kind of information. As long as the words used convey the substance of the rights the words are sufficient. In the present case the words that Connors used adequately informed Currie of his rights.

(3) Currie did not object on the ground of absence of counsel to the admission of evidence of his inculpatory statements. However, our cases suggest

---

**3.** Currie's brief states that Connors informed him that "he need not make any statement to me; that he had a right to consult with his attorney and he could contact one if he so desired." However the record shows that Connors "informed him that he need not make any statement to me, *that any statement made could be used in a court of law;* that he had a right to consult with his attorney, and he could contact one if he so desired." (Emphasis added.)

that an objection on that ground may not be required where, as here, the trial preceded the decision in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). See United States v. Indiviglio, supra, 352 F.2d at 279.

 We have recently examined *in extenso* the problem of the right to the assistance of counsel during pre-arraignment questioning and concluded that there is no such absolute constitutional right during some of the early stages of the investigation of a crime and that, in the last analysis, the existence of the right will depend upon the particulars of each case. United States v. Drummond, 354 F.2d 132 (2d Cir. 1965). The reasoning of Drummond appears to us to be applicable to the circumstances presented in Currie's case. Moreover it seems clear to us that if Currie had any right to the assistance of counsel, he waived that right and consented to proceed without counsel.

After his telephone call to his mother, in which he asked her to get a lawyer for him, Currie raised no objection to being questioned. He made no request for a delay until he could consult the lawyer whom his mother was to find. At no point in the course of the questioning did he demur to the questioning or refuse to answer. His cooperation was certainly not based on any pressure brought on him by the agents and it appeared to be wholly consensual. His manner so far as it can be gathered from the record reflected uncoerced, intelligent consent. That this is an accurate description of the situation is indicated also by the fact that when Currie finally withdrew his consent to further questioning, his wishes were respected and he was asked no more questions.

We find no error in the admission of evidence of Currie's inculpatory statements and therefore affirm as to Currie.

Price believes that he was harmed by the admission of evidence of Currie's inculpatory statements. His argument is based principally upon the admissibility of that evidence. Since we have held the evidence admissible, Price's argument falls. But entirely apart from any inculpatory statements by Currie, which, as the trial judge instructed the jury, were admissible only against Currie and not against Price, there was ample evidence to support the jury's verdict as to Price.

We therefore affirm Price's conviction.