THE PEOPLE OF THE STATE OF NEW YORK ex rel. RICHARD G. REYNOLDS, Appellant, v. WALTER H. WILKINS, Warden, Respondent.— Order unanimously affirmed. (See People ex rel. Sedlak v. Foster, 299 N. Y. 291.) (Appeal from order of Wyoming County Court dismissing writ of habeas corpus.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NATHANIEL LOVE, Appellant.— Judgment unanimously affirmed. Memorandum: The verdict of the jury was amply supported by the evidence, and there was nothing in the conduct of the trial that would warrant a reversal of the judgment of conviction. An inculpatory statement of the defendant, made to the police the day after the commission of the crime charged, was admitted without any objection by the defendant or any assertion by him as to voluntariness, and the trial court did not charge the jury on the question. In such a situation there is no issue to be passed on that would require a confession-voluntariness hearing. (People v. Huntley, 15 N Y 2d 72.) (Appeal from judgment of Monroe County Court convicting defendant of assault second degree.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.

RAY FITZSIMMONS et al., Appellants, v. LENNARTH ANDERSON et al., Constituting the Zoning Board of Appeals of the City of Rochester, Respondents, and ALFRED AMICO et al., Intervenors-Respondents.— Order unanimously reversed, without costs of this appeal to any party, and determination of Zoning Board of Appeals of Rochester annulled. Memorandum: Petitioners appeal from Special Term's order confirming a determination of the Zoning Board of Appeals granting intervenors a variance for construction of a commercial building in an area zoned residential. Intervenor Amico purchased the property in 1960, boarded it up and never occupied it. The issue involved here is the intervenors' claim of hardship. There is completely absent from this record any proof that the premises in question could not yield a reasonable return if used in conformity with the existing zoning regulations, or that the intervenors' problem is due to unique circumstances, and that the proposed use for which the variance is sought would not alter the essential character of the neighborhood (Matter of Otto v. Steinhilber, 282 N. Y. 71, 76; Matter of Gerling v. Board of Zoning Appeals, 6 A D 2d 247, 251). Upon the proof presented at the hearing the action of the Zoning Board of Appeals was arbitrary and capricious and it was error for Special Term to have confirmed that determination. (Appeal from order of Monroe Special Term confirming determination of the Zoning Board of Appeals of the City of Rochester and dismissing the petition on the merits.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.