Israel SCHAWARTZBERG, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 462, Docket 31174.

United States Court of Appeals Second Circuit.

Submitted May 11, 1967.

Decided May 22, 1967.

Israel Schawartzberg, pro se.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, Frederick F. Greenman, Jr., and Robert G. Morvillo, Asst. U. S. Attys., for appellee.

Before SMITH, KAUFMAN and HAYS, Circuit Judges.

PER CURIAM.

Israel Schawartzberg appeals from an order entered in the United States District Court for the Southern District of New York denying without a hearing his motion under 28 U.S.C. § 2255 to vacate his conviction for having conspired with two codefendants to obstruct justice and to suborn perjury. See United States v. Kahn, 366 F.2d 259 (2d Cir.), cert. denied, 385 U.S. 948, 87 S.Ct. 324, 17 L.Ed.2d 226 (1966). Appellant contends that his conviction is tainted because the government fostered hostility toward him on the part of one Vincent Pacelli, a codefendant, and suppressed evidence of the resulting conflict and antagonism between them. He alleges that disclosure of these facts would have entitled him to a severance and that he was prejudiced by the joint trial. We hold that appellant's motion was properly denied.

Although in an affidavit submitted almost four months before trial appellant indicated that he was aware of the circumstances that he now claims would have entitled him to a severance, and although he made a motion for severance on other grounds, appellant did not raise the issue of hostility before or during trial or on appeal. Since appellant failed to establish or press his contention at an earlier time, when a separate trial could easily have been ordered, appellant is barred from raising the contention by a collateral attack on the judgment of conviction. See United States v. Re, 372 F.2d 641, 643–44 (2d Cir. 1967), petition for cert. filed, 35 U.S.L.Week

3377 (U.S. April 15, 1967) (No. 1276); United States v. Indiviglio, 352 F.2d 276 (2d Cir. 1965) (en banc), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966).

Moreover, appellant's claim of prejudice is unsupported by any factual allegations and is to a large extent refuted by the fact that Pacelli did not testify at the trial. It is wholly conclusory and too insubstantial to require a hearing. See, e. g., Machibroda v. United States, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); United States ex rel. Homchak v. New York, 323 F.2d 449 (2d Cir. 1963), cert. denied, 376 U.S. 919, 84 S.Ct. 677, 11 L.Ed.2d 615 (1964).

Affirmed.