UNITED STATES of America ex rel.
James L. FORELLA, Petitioner,

v.

Harold W. FOLLETTE, Warden, Green Haven Prison, Stormville, New York, Respondent.

No. 66 Civ. 4539.

United States District Court
S. D. New York.

June 7, 1967.

James L. Forella, pro se.

Louis J. Lefkowitz, Atty. Gen., New York City, for respondent; Barry Mahoney, Asst. Atty. Gen., of counsel.

## OPINION

WEINFELD, District Judge.

Petitioner, presently confined in Green Haven Prison, Stormville, New York, serving seven and one-half to ten years upon three concurrent sentences imposed pursuant to a judgment of conviction of two counts of burglary in the third degree and one count of grand larceny in the first degree entered upon a jury verdict in 1965 in Westchester County Court, seeks his release upon a federal writ of habeas corpus. He contends his rights under the Fifth, Sixth and Fourteenth Amendments were violated when a police officer was permitted to testify upon the trial that petitioner, following his arrest, made oral admissions as to exclusive possession of a car which, linked with other testimony that the car had been at the scene of the burglary charged in the indictment, resulted in petitioner's conviction.

Petitioner was arrested under a bench warrant issued by a magistrate following the filing of an information. The post-arrest admissions were made prior to indictment. The testimony as to the oral admissions was not objected to by petitioner's counsel upon the trial, but the issue was raised on his appeal before the Appellate Division which affirmed his conviction on July 6, 1966,[1] and also in his application for leave to appeal to the Court of Appeals, which was denied.

No application for certiorari was made to the United States Supreme Court.

■ The state does not challenge the petitioner's allegation that when he made the statement he was not represented by counsel. However, petitioner's trial was concluded before the Supreme Court decided Miranda v. Arizona,[2] and therefore its mandated requirements in order to satisfy constitutional provisions for admissibility of police-in-custody statements do not apply to petitioner's statements.[3]

■ On the other hand, his trial began after Escobedo v. State of Illinois,[4] and accordingly he contends his statement was inadmissible thereunder since he was without counsel when he was questioned. However, the facts of the instant case are far removed from Escobedo. There is no claim that petitioner had requested or been denied any attorney; there is no charge of coercive conduct, either physical or mental; there is no allegation of overreaching; there is no challenge as to the voluntariness of his statement. In the circumstances, the fact that the post-arrest statement was made when petitioner was without the assistance of counsel, whatever may be the legal consequences thereof under the law of the State of New York,[5] has no federal constitutional significance.[6]

■ Moreover, assuming arguendo constitutional infirmities as alleged by

1. People v. Forella, 26 App.Div.2d 772, 272 N.Y.S.2d 745 (2d Dep't 1966).

2. 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3. See Johnson v. New Jersey, 384 U.S. 719, 732–734, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). Further, the petition contains no allegations that he was not advised of his right to remain silent, that any statement he made could be used against him, and that he had a right to retain or have the court appoint counsel.

4. 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). See Johnson v. State of New Jersey, 384 U.S. 719, 732–734, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).

5. See People v. Bodie, 16 N.Y.2d 275, 278–79, 266 N.Y.S.2d 104, 213 N.E.2d 441 (1965); People v. Meyer, 11 N.Y.2d 162, 164–165, 227 N.Y.S.2d 427, 182 N.E.2d 103 (1962); People v. Santmyer, 20 App. Div.2d 960, 249 N.Y.S.2d 555 (4th Dep't 1964).

6. United States v. Drummond, 354 F.2d 132, 145 (2d Cir. 1965), cert. denied, 384 U.S. 1013, 86 S.Ct. 1968, 16 L.Ed.2d 1031 (1966); United States v. Currie, 354 F. 2d 163, 166 (2d Cir. 1965), cert. denied sub nom. Price v. United States, 384 U.S. 933, 86 S.Ct. 1450, 16 L.Ed.2d 534 (1966); United States v. Cone, 354 F.2d 119 (2d Cir. 1965), cert. denied, 384 U. S. 1023, 86 S.Ct. 1958, 16 L.Ed.2d 1026 (1966); United States v. Robinson, 354 F.2d 109 (2d Cir. 1965), cert. denied, 384 U.S. 1024, 86 S.Ct. 1965, 16 L.Ed.2d 1028 (1966).

petitioner, relief is foreclosed by reason of his failure to make objection upon the trial to the offered admission. No rational reason appears why the rule of United States v. Indiviglio,[7] recently reiterated by our Court of Appeals[8] foreclosing review under section 2255 of Title 28,[9] as well as on direct appeal,[10] of alleged constitutional infirmities in federal judgments of conviction for failure to make timely objection, should not be equally applicable in federal habeas corpus proceedings which challenge state judgments of conviction.

■ It is true that a state procedural rule that forfeits appellate review because of failure to assert a claim of infringement of federal constitutional rights does not bar federal habeas corpus jurisdiction to consider and pass upon the claim.[11] However, once jurisdiction attaches, it would be difficult for the federal courts to justify, in the instance of a federal petitioner, holding that his failure to present his federal constitutional claim forecloses collateral or appellate relief, whereas in the instance of a state petitioner, raising the same federal claim, his failure is of no significance. If the federal rule requiring timely objection in order for the constitutional claim to survive is a reasonable one when a federal court adjudicates federal cases, then it is equally so when the same court adjudicates states cases involving the same issue.

The underlying rationale of *Indiviglio* is that the federal procedural requirements serve a legitimate federal interest and the furtherance of justice, since a timely objection affords the trial court either an opportunity to eliminate the alleged tainted matter, and thus avoid the necessity of further proceedings, possibly a new trial, or if it has been erroneously admitted, to correct the error by expunging the challenged evidence without which the government might still obtain a conviction.[12]

And for the same reasons, recognition and enforcement of the state's procedural forfeiture for failure of timely objection[13] serve a legitimate state interest, no less than enforcement of the federal procedural requirement serves the federal interest. And when a federal habeas court is called upon to "apply settled principles to test the effectiveness of the procedural default to foreclose consideration of his constitutional claim," [14] the principles to be applied are constant; they do not change simply because the case under consideration came here by way of the state court.

The petition is dismissed.

7. 352 F.2d 276, 279–280 (2d Cir. 1965) (en banc), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966).

8. See, e. g., United States v. Morin, 378 F. 2d 472 (2d Cir. 1967).

9. Schawartzberg v. United States, 379 F. 2d 551 (2d Cir. 1967) ; United States v. Re, 372 F.2d 641, 643–644 (2d Cir. 1967), petition for cert. filed 388 U.S. 912, 87 S.Ct. 2112, 18 L.Ed.2d 1352 (April 15, 1967).

10. United States v. Indiviglio, 352 F.2d 276, 279–280 (2d Cir. 1965) (en banc), cert. denied, 383 U.S. 907, 86 S.Ct. 887 (1966). See also United States v. Del Llano, 354 F.2d 844 (2d Cir. 1965).

11. Fay v. Noia, 372 U.S. 391, 430, 434, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). See also Henry v. Mississippi, 379 U.S. 443, 447, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965).

12. United States v. Indiviglio, 352 F.2d 276, 280 (2d Cir. 1965) (en banc), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L. Ed.2d 663 (1966).

13. People v. McQueen, 18 N.Y.2d 337, 344, 274 N.Y.S.2d 886, 221 N.E.2d 550 (1966) ; People v. Huntley, 15 N.Y.2d 72, 77–78, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965); People v. Love, 25 App.Div.2d 488, 266 N.Y.S.2d 606 (4th Dep't 1966); People v. French, 24 App.Div.2d 657, 261 N.Y. S.2d 239 (3d Dep't 1965). See also People v. Friola, 11 N.Y.2d 157, 159, 227 N.Y.S.2d 423, 182 N.E.2d 100 (1962); New York Code Crim.Proc. § 420-a.

14. Henry v. Mississippi, 379 U.S. 443, 452, 85 S.Ct. 564, 570 (1965).