Wayne K. **PATTERSON**, Warden, Colorado State Penitentiary, Appellant,

v.

Homer **BROWN**, #34946, and Oswald Glymph, #34945, Appellees.

No. 9845.

United States Court of Appeals Tenth Circuit.

April 30, 1968.

---

James F. Pamp, Asst. Atty. Gen. (Duke W. Dunbar, Atty. Gen., and Frank E. Hickey, Deputy Atty. Gen., Denver, Colo., on the brief), for appellant.

Leslie A. Gross, Denver, Colo., for appellees.

Before MURRAH, Chief Judge, and BREITENSTEIN and HILL, Circuit Judges.

HILL, Circuit Judge.

Appellees were convicted by a jury in the Colorado State Courts upon narcotics charges and on April 17, 1963, were sentenced to the Colorado State Penitentiary for a period of not less than nine nor more than ten years. Proceeding under 28 U.S.C. § 2254, appellees seek writs of habeas corpus and in support thereof claim that their convictions were obtained through the use of unlawfully seized evidence and thus that their confinement violates the Fourteenth Amendment.

The record shows that the basis of appellees' conviction was evidence obtained pursuant to a search warrant which the state now concedes was constitutionally defective. The executed search warrant had been filed with the Clerk of the Denver District Court, but it was not actually placed in the Brown-Glymph file until the day before trial on April 2, 1963. The return and supporting affidavit were misfiled in Municipal Court and could not be located when the trial commenced. During the course of the trial, appellees' attorney moved to suppress the evidence seized under the search warrant upon the grounds (1) that no affidavit was attached to the search warrant as required by Colorado R.Cr.P. 41 and (2) that the warrant was "invalid on its face" for a number of technical reasons. A short recess was thereafter taken while the District Attorney attempted to locate the missing affidavit. When the affidavit was finally produced appellees' attorney abandoned his objection as to the affidavit, but continued to object on the ground that the search warrant was invalid on its face. There was a failure to attack the sufficiency of the affidavit. The court overruled the general objections and refused to suppress the evidence acquired by the search. The question of the inadequacy of the affidavit to support the search warrant was not raised until appellees appealed to the Colorado Supreme Court. The Colorado Supreme Court did not reach the merits of this argument, however, but denied the appeal because contemporaneous objection had not been directed to the sufficiency of the affidavit during trial and proper grounds had not been asserted upon motion for a new trial. See Brown and Glymph v. People, 158 Colo. 561, 408 P.2d 981.[1] Appellees

---

1. Appellees at that time sought habeas corpus relief from the Federal District Court which was denied because they had not exhausted their post conviction remedies under Colorado law. Appellees then moved to vacate their sentence un-

then failed to obtain relief in Colorado post conviction remedies and filed the present petition for writ of habeas corpus in the Colorado Federal District Court.

■ The trial judge granted appellees' petition for a writ on two grounds, (1) that a state procedural default does not bar a federal habeas court from considering constitutional claims and (2) that appellees had made sufficient objection to the search warrant to preserve their claim at the appellate level. We believe this decision should be affirmed on the first of the two grounds, thereby making unnecessary any discussion of the second of the grounds relied upon by the trial judge.

The Supreme Court in Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, established that "the jurisdiction of the federal courts on habeas corpus is not affected by procedural default incurred by the applicant during the state court proceedings, * * *." Id. at 438, 83 S. Ct. at 848. Nonetheless the federal habeas judge "may in his discretion deny relief to an applicant who has deliberately by-passed the orderly procedure of the state courts and in so doing has forfeited his state court remedies." Ibid. There the Supreme Court also states that a state court's finding of waiver does not bar independent determination of the question by the federal courts on habeas. Id. at 439, 83 S.Ct. 822. The state here attempts to limit the implications of Fay v. Noia with the statement that Fay involved the procedural issue of exhaustion of state remedies and that the policy of the "contemporaneous objection rule" is vastly different and more important. This argument, however, fails to reconcile statements of the Supreme Court in Henry v. State of Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408, which considered the effect of the contemporaneous objection rule to deny direct re-

view by the Supreme Court of a constitutional claim and recognized the importance of the contemporaneous objection rule, see Id. at 448, 85 S.Ct. 564. At the same time, however, the Supreme Court recognized that such a procedural fault on the part of the accused would not preclude the raising of his constitutional claim by habeas corpus in a federal court. The Court stated: " * * * [P]etitioner might still pursue vindication of his federal claim in a federal habeas corpus proceeding in which the procedural default will not alone preclude consideration of his claim, at least unless it is shown that petitioner deliberately by-passed the orderly procedure of the state courts. Fay v. Noia, supra, 372 U. S. at 438, 83 S.Ct. at 848." Id. at 452, 85 S.Ct. at 570.

The state relies upon two Second Circuit cases and a district court decision from the Southern District of New York for the proposition that the contemporaneous objection rule applies to constitutional claims in the federal courts and that since the failure to object contemporaneously will bar review in the federal courts it must also bar review in the state courts. See United States v. Re, 2nd Cir., 372 F.2d 641; United States v. Indiviglio, 2nd Cir., 352 F.2d 276; and United States ex rel. Forella v. Follette, D.C., 269 F.Supp. 627.

United States v. Re, supra, and United States v. Indiviglio, supra, concerned the application of the contemporaneous objection rule in federal cases. There is no discussion in these cases as to whether the standards established by Fay v. Noia, supra, and Henry v. State of Mississippi, supra, should apply to the waiver of constitutional claims in the federal courts. An examination of these cases reveals, however, that the holdings are not inconsistent with the standards of Fay and Henry as in both cases the ac-

der Colorado R.Cr.P. Rule 35(b). This motion was denied and appellees again appealed to the Colorado Supreme Court. Relief was again denied appellees upon the basis that they had effectively waived

their rights by not objecting to the evidence at the time of its introduction. See Brown and Glymph v. People, Colo., 426 P.2d 764.

cuseds plainly waived or by-passed their constitutional claims.[2]

In United States ex rel. Forella v. Follette, supra, the trial judge held that there was no merit to the accused's constitutional claim, but went on to hold that in any event the failure to object in the state court to the offered admissions barred these claims. It was stated that while Fay v. Noia, supra, established jurisdiction in the habeas court it did not command a habeas judge to examine the constitutional merits of the issues presented if the state procedure which barred state review served valid state interests. In so holding, the trial judge relied on a statement in Henry v. State of Mississippi, supra, to the effect that a federal habeas court should "apply settled principles to test the effectiveness of the procedural default to foreclose consideration of his constitutional claim." Id. 379 U.S. at 452, 85 S.Ct. at 570. To interpret this statement as returning the "adequate state ground" to bar federal review of constitutional claims on habeas as opposed to the standard of "deliberate by-passing" or "waiver" requires a disregard of the statement immediately preceding that relied on by the trial judge to the effect that "procedural default will not alone preclude consideration of his [constitutional] claim, at least unless it is shown that petitioner deliberately by-passed the orderly procedure of the state courts." Ibid.

 Considering all the statements by the Supreme Court we believe it is clear that the standard to be applied in considering whether the habeas court should consider constitutional claims which were barred from consideration in the state courts because of the procedural default is whether or not the accused deliberately by-passed the opportunity to raise such constitutional claims in the state courts.[3] We are, of course, bound by the Supreme Court decisions and the implications derived from the decisions.

We should further observe that the trial judge in this case found that "There has been nothing that resembles even faintly an intentional and knowing waiver in this case. The petitioners consistently resisted admission of the evidence in question and it was inadvertence that brought them into conflict with the contemporaneous objection requirement and forfeited their state remedies. Under Fay v. Noia, such a fictional waiver of rights cannot bar habeas corpus relief." The finding by the trial court that the appellees in the instant case did not intentionally waive their constitutional claims is not clearly erroneous and thus the granting of appellees' petition for a writ of habeas corpus was legally correct.

Affirmed.

---

2. In this respect we cannot say that these cases establish for federal cases a standard different than in state cases, or in other words, that a double standard exists for consideration of constitutional claims.

3. See Hayden v. Warden, Maryland Penitentiary, 4th Cir., 363 F.2d 647, 649, reversed on other grounds, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782; Dillon v. Peters, 10th Cir., 341 F.2d 337; Nelson v. People, 9th Cir., 346 F.2d 73.