**John Leonard MIZE, Appellant,**

v.

**Sherman H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.**

**No. 9809.**

United States Court of Appeals Tenth Circuit.

Sept. 5, 1968.

594

B. L. Pringle, Topeka, Kan., for appellant.

Edward G. Collister, Jr., Asst. Atty. Gen., (Robert C. Londerholm, Atty. Gen., was with him on the brief) for appellee.

Before MILLER, Senior Circuit Judge *, and LEWIS and BREITENSTEIN, Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

After finding that inordinate delay in Kansas state procedures was such as to deny to appellant an adequate state remedy, the United States District Court for the District of Kansas granted a full evidentiary hearing upon appellant's petition for habeas corpus. Federal relief was denied and this appeal followed. Appellant was convicted of burglary and is presently serving an habitual criminal sentence.

Our appellate consideration probes the correlation between the constitutional dictates of Mapp v. Ohio, 364 U.S. 643, and the allowable counter-application of the Kansas contemporaneous-objection statute, K.S.A. 60–404,[1] and a claimed limitation thereon set forth in K.S.A. 60–261.[2]

█ Evidence was admitted at appellant's state trial, without objection, which had allegedly been seized during an unlawful search of a home in which appellant was living. Appellant asserts that the failure to object to the evidence was a "procedural default" which should not preclude consideration of his claim in a federal habeas corpus proceeding. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837. The contention is correct "unless it is shown that petitioner

---

* Of the United States Court of Appeals for the District of Columbia Circuit, sitting by designation.

1. "A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless there appears of record objection to the evidence timely interposed and so stated as , to make clear the specific ground of objection." This rule is applicable to criminal procedures. K.S.A. 60–402.

2. "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. * * *" This rule apparently has no specific application to criminal procedure.

deliberately bypassed the orderly procedure of the state courts." Henry v. State of Mississippi, 379 U.S. 443, 452, 85 S.Ct. 564, 570, 13 L.Ed.2d 408.

The district court found that as a matter of trial strategy appellant had joined with his counsel, an able and experienced attorney, in refraining from objecting to the allegedly tainted evidence. If this finding is supported by substantial evidence then it satisfies the requirements of Fay v. Noia, supra, and also of Henry v. State of Mississippi, supra, in which the Supreme Court said:

"Although trial strategy adopted by counsel without prior consultation with an accused will not, where the circumstances are exceptional, preclude the accused from asserting constitutional claims, (citation omitted), we think that the deliberate bypassing by counsel of the contemporaneous objection rule as a part of the trial strategy would have that effect in this case." at 451–452, 85 S.Ct. at 569.

During the early morning of June 22, 1961 a safe and dolly were stolen from the Christensen Produce Company in Topeka, Kansas. Neighbors to a house located at 434 Oakland Street testified that at about 6:00 a.m. on that day appellant and one Harold Beeghley took a Mrs. Pate and her children, who, along with appellant from time to time, lived in the house, in Beeghley's car to some unknown destination and returned a few minutes later. Upon their return appellant and Beeghley were seen taking a large heavy object from the car to the house. Immediately thereafter loud hammering and drilling noises were heard by the witnesses. After the noises ceased the heavy object was returned, with the concealatory aid of a blanket, to the trunk of the car and appellant was seen taking some papers to the trash barrel and setting them on fire. The police were called by an alert neighbor and appellant was seen going out of the back window of the house and over the fence. The appellant was not apprehended at this time and did not return to the house.

The investigating officers apprehended Beeghley and saw a cash box from a safe on the back seat of his car. Confronted with this evidence Beeghley was asked if a warrant to search the car should be obtained. He replied: "No, you've got me, go ahead and look." The Christensen safe was in the car trunk.

The officers then proceeded, with Beeghley's consent but not that of appellant or Mrs. Pate, to search the house and premises. A crowbar and some safe-lining material were found within the house. Some partially burned contents of the safe were found in the yard. The admission of this evidence founds appellant's present complaint.

Appellant's trial defense was that of alibi strengthened by affirmative evidence of non-commission. Mrs. Pate testified that he was with her at all times material to the commission of the crime. Beeghley testified that he had committed the crime with an accomplice known to him only as "Moose"; that he and "Moose" were the persons seen at the Pate house; that appellant in no way participated in the offense. Beeghley was called as a witness on appellant's insistence, indicating that appellant participated in the trial strategy which resulted in the failure to object to the "tainted" evidence. We are therefore not required to consider the situation where trial strategy is completely the unilateral decision of counsel. Compare Nelson v. People of State of California, 9 Cir., 346 F.2d 73, with Henry v. State of Mississippi, supra. Nor are we faced with a situation where the failure to object was mere "inadvertence." See Patterson v. Brown, 10 Cir., 393 F.2d 733, decided April 30, 1968.

In its judgment in the case at bar the trial court states:

"It is apparent from a reading of the transcript of the criminal trial the strategy of petitioner's defense was not to refute the fact that such evidence was present at the residence at 434 Oakland but rather that petitioner had no hand in bringing abouts [sic] its presence there."

We agree. Although, as appellant's state trial counsel testified at the hearing below, there is nothing legally inconsistent with an objection to the subject evidence to the defense of alibi, still such an objection might be undesirable in view of Beeghley's testimony, which if the jury had deemed it credible, would have resulted in appellant's acquittal. The strategy failed but success is not the test of competent representation, Johnson v. United States, 10 Cir., 380 F.2d 810; constitution claims may be waived if done so knowledgeably as part of defense strategy, Henry v. State of Mississippi, supra; and this case presents no facet of irregular procedure or substance inconsistent with justice.

Other contentions raised by appellant are without merit.

Affirmed.