**UNITED STATES of America,**
**Respondent,**

**v.**

**Walter RILEY, Defendant.**

**No. 69 Civ. 3708.**

United States District Court,
S. D. New York.

April 30, 1970.

**236**

March 2, 1967, after Riley's conviction by a jury of the two substantive violations of 21 U.S.C. §§ 173–174 charged in Indictment 64 Cr. 532 and his admission that previously he had been convicted of a federal narcotic offense. On May 9, 1955, a sentence of two years and a remitted fine of one dollar was imposed by the writer before whom, on April 25, 1955, Riley had pleaded guilty of a single substantive violation of 21 U.S.C. §§ 173–174 charged in Count 1 of Indictment Cr. 146–202. That sentence had been fully served long before imposition of the one Riley is now serving.

The first motion, pursuant to 28 U.S. C. § 2255, seeks an order "vacating and setting aside the judgment [sic] of conviction entered the 9th day of May, 1955, and the 2nd day of March, 1967, and to discharge the prisoner, or resentence him, or grant a new trial, or correct the sentence [sic] * * *." The second motion, purportedly pursuant to 18 U.S. C. § 3146, seeks release on bail pending determination of the first motion. Both motions are denied.

Riley contends that in 1955 he was "not guilty 'as charged'"; [1] that his guilty plea at that time was entered "with the erroneous belief from counsel and the Government's attorneys [sic] affirmative promise that he would be released on six months probation"; that it "was not knowingly and understandably made, nor did Petitioner understand the nature of the offense and the consequence of his plea [which] * * * was taken in violation of Rule 11 F.R. C.P." [2] He also asserts he "was not advised of his right to allocution" [3] and that his court appointed counsel was incompetent. He contends that the 1967 "trial and conviction rendered under Cr. 64–532 is [sic] null and void" because of the alleged invalidity of the 1955 conviction and other grounds hereafter considered.

Riley has not, until now, challenged either conviction; a circumstance surely

Robert M. Morgenthau, U. S. Atty., for the United States; Peter L. Truebner, Asst. U. S. Atty., of counsel.

*Memorandum and Order*

McGOHEY, District Judge.

Two *pro se* motions *in forma pauperis* have been filed by Walter Riley who is confined in Atlanta Penitentiary under a sentence of ten years as a second narcotics offender. The sentence was imposed by Judge Levet of this court on

1. Petition p. 3 par. N.
2. Id. p. 1 par. 7.
3. Id. p. 2 par. E.

not lacking significance, particularly with respect to the earlier one which, on the trial of Indictment 64 Cr. 532 in 1967 before Judge Levet, a retrial, was used against him for the second time. The first trial of that indictment was held in 1964 before a third judge of this court. Riley testified at that trial and on both direct and cross examination admitted his 1955 conviction. He was represented by a court appointed Legal Aid attorney whose competence he does not question. The trial resulted in a guilty verdict and the imposition of a second offender sentence of ten years after Riley for the third time admitted his earlier conviction. On none of those occasions did he challenge its validity although its effect on the sentence he faced was known to him and he so informed the trial judge who, before pronouncing sentence, called that to his attention.[4] Furthermore he did not challenge it when, represented by the same attorney, he appealed from the 1964 conviction. The sole issue raised on the appeal, which was successful, was the trial judge's refusal to submit to the jury a proffered issue of entrapment.[5] Before he was sentenced in 1967, he again personally admitted, without any reservation or challenge, that he was the Walter Riley who had been convicted in this court in 1955; and when his counsel, having been asked by Judge Levet if that conviction was "contested" answered "No, your Honor, it is not contested by this defendant," Riley, who was present, did not repudiate or attempt to qualify that statement. Moreover, although, as we have seen, he knew that while the 1955 conviction stood he had to be sentenced to not less than ten years, he answered "No your Honor" when Judge Levet asked him directly "Do you wish to make any statement in your own behalf or present *any information in mitigation or lessening of sentence* other than your counsel has stated?" (emphasis supplied)[6]

### The 1955 Conviction

A copy of the minutes of the entry of the guilty plea in 1955 is attached to the petition. It shows that before Riley was permitted to withdraw his plea of "not guilty" and plead "guilty" the writer questioned him directly concerning his knowledge of the consequences of a guilty plea and his conference with his counsel concerning it which he admitted had occurred. He answered "Yes sir" when asked if he was pleading guilty "because you are guilty and not for any other reason." The examination was not, indeed, as detailed as is required by Rule 11 Fed.R.Crim.P. in its present form[7] but that did not become effective until July 1, 1966, and does not govern guilty pleas entered prior to that date.[8] The writer was satisfied before accepting Riley's guilty plea in 1955 and still is satisfied that it was knowingly and voluntarily made only after consultation with his counsel whose competence and integrity had been demonstrated to the writer in that and prior cases. Riley's criticism of his counsel is without any factual support and is rejected. Moreover, in addition to what the pleading record reveals, it is utterly beyond belief that, if he had received the promise respecting sentence which he now claims, Riley would have remained silent after the prison sentence of two years was imposed and would have fully served it without complaint; or that at his trials in 1964 and in 1967 he would have failed to challenge the validity of the 1955 conviction while aware of its effect. 28 U.S.C. § 2255 "does not strip the district courts of all discretion to exercise their common sense."[9]

4. Minutes of the sentencing proceeding on August 7, 1964, trial transcript p. 178.

5. 363 F.2d 955, 956 (2d Cir. 1966).

6. Filed transcript of the sentencing proceeding on March 2, 1967, pp. 3 and 5.

7. McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

8. Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969); United States v. Steele, 413 F.2d 967 (2d Cir. 1969).

9. Machibroda v. United States, 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962).

 The transcript of the 1955 sentencing proceeding which is also attached to the petition, does indeed show that Riley was not asked if he wished to speak in his own behalf before sentence was imposed. That omission, however, does not constitute an error reviewable on this motion.[10]

### The 1967 Conviction

The 1967 conviction is attacked on the following grounds: "A) Petitioner did not understand that the essential element of the offense is knowledge that the narcotics were illegally imported. B) The indictment did not apprise petitioner prior to trial that the Government intended to prove a recidivist offense. C) Counsel was not given adequate notice prior to trial to prepare for a meaningful recidivist trial. D) Petitioner was deprived of the effective assistance of counsel during the recidivist trial. E) Petitioner's prior conviction cannot legally support a recidivist statue [sic] because it was illegally obtained. F) Counsel did not advise petitioner that he could challenge his prior conviction as violatively [sic] obtained. G) Petitioner did not have any independant [sic] knowledge that he could challenge the prior conviction during the recidivist trial. H) Petitioner did not have any independant [sic] knowledge of his right to the defense of lack of knowledge of illegal importation, or to explain his possession to the satisfactory [sic] of a jury. I) Petitioner was fraudulently deprived of his right to appeal by court assigned counsel." [11]

 It is well established that a motion pursuant to 28 U.S.C. § 2255 cannot be used as a substitute for appeal as Ri-

ley has attempted here.[12] Even if that were not so the motion would fail because the several grounds he cites in support of it are refuted by the records of the 1964 and 1967 trials of Indictment 64 Cr. 532. As to grounds A and H, Riley had been advised of the elements of the charged offenses in the court's instructions to the jury in the 1964 trial.[13] As to grounds B and C, no complaint of inadequate "notice" was made to the trial judge,[14] and Riley then knew from his 1964 trial that if convicted he would be charged as a second offender by reason of his 1955 conviction. Grounds D, F and G are severally contradicted by the filed transcript of the proceedings at which Riley was sentenced. Judge Levet there observed, in addressing Riley after his admission of the 1955 conviction:

"You have been represented here by diligent counsel. You had a first trial some time ago. Prior counsel took an appeal. There was a reversal. You were tried again here before a jury, I believe it was a fair trial. Your present counsel was a competent, effective attorney in your behalf. You conceded the basic facts relative to the possession of the heroin and so forth and the transfer of it. Your sole defense was entrapment. The case was presented to the jury on that issue and those issues and they returned a guilty verdict.

"Under the statutes I have no choice or alternative under these circumstances, this is a second offense, and as a second offender you are, of course, required to be sentenced the minimum amount of ten years." [15]

Ground I is wholly unsupported by any factual allegations and is, moreover,

---

10. Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) ; Machibroda v. United States, supra, 368 U.S. at 489, 82 S.Ct. 510.

11. Petition pp. 4–5.

12. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947) ; Castellana v. United States, 378 F.2d 231, 233 (2d Cir. 1967).

13. 1964 trial transcript pp. 154–158.

14. See United States v. Indiviglio, 352 F. 2d 276 (2d Cir. 1965), cert. denied 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966).

15. Filed transcript of sentencing proceeding on March 2, 1967, p. 5.

largely refuted by Judge Levet's commendation of trial counsel.[16]

Ground E has already been considered and rejected.

The § 2255 motion papers and the court files and records of the 1955 and 1967 cases conclusively show that Riley is entitled to no relief.

The motions are severally denied without a hearing.

So ordered.

16. See Schawartzberg v. United States, 379 F.2d 551, 552 (2d Cir. 1967).