In the Matter of EDWARD J. CARROLL et al., Petitioners, v JOHN INGRAM et al., Constituting the Zoning Board of Appeals of the Town of Olive, et al., Respondents.

Third Department, August 4, 1977

*Carroll & Cervone (Edward J. Carroll* of counsel), for petitioners.

*Andrea Moran* for respondents.

KANE, J. In April of 1976 petitioner, on behalf of Shokan Raceway, Inc., contracted to purchase certain property located in the Town of Olive, Ulster County, on the condition that the parcel could be utilized as a stock car race track. Originally known as the Onteora Speedway Park, it had been opened as a race track in 1959, but the operation of scheduled stock car races was permanently terminated in August of 1966. Maintenance of the facility was discontinued; the buildings and track deteriorated and suffered from vandalism; and, eventually, the property was subjected to foreclosure and sale in 1971. A number of residences have been built adjacent to the race track property and a small commercial development, consisting of two grocery stores, a service station, a tavern and a gravel quarry, has also been erected near the entrance to the speedway.

On June 16, 1975 the respondent Town of Olive enacted a comprehensive zoning ordinance. It established seven mainly commercial areas in the town's five hamlets and along the State highway, but the rest of the town was zoned residential with certain permitted specified activities, most of which required special use permits. On March 11, 1976 petitioners applied for site plan approval or a special use permit to continue the former operations of the race track. Both requests were denied and a hearing was held before the respondent Zoning Board of Appeals on July 1, 1976 which thereaf-

ter unanimously approved the previous decisions. Concluding that a race track was not a permitted use in a residential district as it did not fit within the definition of commercial recreation set forth in the zoning ordinance, it also denied preexisting use status to the facility and further held that the evidence submitted was insufficient to warrant a variance. This proceeding then ensued to review those determinations and to obtain declarations that the subject race track is authorized to exist as a lawful prior nonconforming use and that the zoning ordinance in its entirety is unconstitutional.

Initially, we observe that this matter was improperly transferred to us by Special Term, but, rather than return it, we will reach the merits and decide the issues (Town Law, § 267, subd 7; *Matter of Kenyon v Quinones,* 43 AD2d 125).

Turning first to the question of whether a race track is permitted as a special use, the Zoning Ordinance of the Town of Olive provides in applicable part as follows:

"321.1 PERMITTED PRINCIPAL USES IN RESIDENTIAL/CONSERVATION, R/C-10A DISTRICTS * * *

"j. Commercial recreation uses, specifically oriented toward the use of mountain land, such as ski area, ski tows, horse riding trails, including travel trailer or camping trailer parks or sites.

"k. Park, reservation and/or recreation facility. * * *

"n. Commercial recreation uses including but not limited to: resort hotels, commercial camps for seasonal residence only, resort ranch, resort lodge, bungalow colony."

Since the proposed use has nothing whatever to do with either housing or the enjoyment of mountain land, there is no merit to the argument that stock car racing would be permitted under the provisions of subdivisions j or n of section 321.1 of the ordinance. The terms "[p]ark, reservation and/or recreation facility" found in subdivision k are not otherwise defined in the enactment and, accordingly, they must be interpreted in their natural and most obvious sense without resort to an artificial meaning (McKinney's Cons Laws of NY, Book 1, Statutes, § 94). While a zoning ordinance must be strictly construed against the town and not against the property owned *(Town of Ithaca v Lucente,* 36 AD2d 560), an examination of the ordinance plainly reveals a legislative intent that subdivision k only apply to noncommercial parks and recreational facilities inasmuch as the other quoted subdivisions

specify *commercial* recreational uses. Moreover, a common-sense evaluation of the wording employed in subdivision k would alone be enough to exclude a stock car race track from its terms. Not being an activity expressly permitted by the ordinance, respondents' refusal to grant the special use permit was proper.

The denial of prior nonconforming use status as requested by petitioners was also proper for the race track had not been in continuous operation for a long time, nor was it at the time the ordinance was enacted (Town of Olive Zoning Ordinance, § 317). The evidence presented clearly established an intent to abandon the property's use as a speedway some nine years prior to the adoption of that ordinance. This conclusion was amply supported through proof of the permitted deterioration of the property, the failure to guard or protect it from vandals, and the purely voluntary discontinuation of its use over an extended period of time (*City of Binghamton v Gartell,* 275 App Div 457).

We also reject petitioners' assertion that they are entitled to a variance for they have failed to demonstrate that the property in question could not be reasonably employed in conformity with the relevant zoning regulations. They simply attempted to show that if a variance were granted they could obtain a greater profit through the operation of a race track on it, and such evidence is patently insufficient (*Matter of Crossroads Recreation v Broz,* 4 NY2d 39; *Matter of Otto v Steinhilber,* 282 NY 71, mot for rearg den 282 NY 681). Furthermore, this court should not substitute its judgment for that of the respondents unless it clearly appears to be arbitrary or contrary to law, which certainly was not the case in this instance (*Matter of Fiore v Zoning Bd. of Appeals of Town of Southeast,* 21 NY2d 393, mot for rearg den 21 NY2d 1040).

Finally, petitioners' contentions involving the constitutionality of the ordinance on various grounds are wholly unpersuasive. There is no unlawful delegation to respondent without standards and guidelines; they are clearly expressed in the ordinance (Town of Olive Zoning Ordinance, § 444; Town Law, § 267, subd 5; *Matter of Otto v Steinhilber, supra).* A reasonable return to petitioners may be obtained from permitted uses, and a mere lessening of profits to them does not render the ordinance confiscatory (*Levitt v Incorporated Vil. of Sands Point,* 6 NY2d 269; *Fitzsimmons v Anderson,* 25 AD2d 488).

We have examined the other issues raised by petitioners and find that they are equally without merit.

The determination should be confirmed, and the petition and complaint dismissed, without costs.

KOREMAN, P. J., MAHONEY, LARKIN and HERLIHY, JJ., concur.

Determination confirmed, and petition and complaint dismissed, without costs.