OPINION OF THE COURT
Loren N. Brown, J.
The People appeal from the dismissal of a three count *1036 information, dated February 25, 1977, charging that defendants on or after March 25, 1976 violated certain provisions of the Town of Stillwater Zoning Ordinance. Specifically, the defendants were charged with opening a commercial enterprise in a rural residential district without first obtaining a required variance, operating a commercial enterprise in a rural residential district, and altering and structurally changing, occupying, and using a building without obtaining a building permit.
The subject property has been used by respondents as a tavern, and, though not always in operation since its construction many years ago, has always been a tavern. On the basis of the Town of Stillwater Zoning Ordinance, which had an effective date of September 30, 1974, plaintiff contends that the premises had been abandoned as a tavern for more than 24 months before the alleged reopening, which fact is undisputed, and, therefore, a variance was required before reopening. It is, on the other hand, also undisputed that the tavern was reopened within a 24-month period after the effective date of the zoning ordinance.
Of concern to this court is section 19.3 of the zoning ordinance which reads as follows:
"SECTION 19: NON-CONFORMING USES
"19.3 Abandonment and Discontinuance:
"Any non-conforming use which lies abandoned or discontinued for a period of twenty-four (24) consecutive months shall not be permitted to be re-established as a non-conforming use and any future use of the property shall be in conformity with the provisions of the Ordinance.”
Because 24 months had not passed since the effective date of the ordinance, the court below dismissed the information finding that zoning statutes cannot be applied retroactively.
The major issue before this court is whether the respondents, pursuant to the pertinent zoning ordinance, can be prosecuted for zoning violations committed within 24 months of the effective date of the ordinance. In examining the issue, the court is required to examine the nature and meaning of the applicable section of the ordinance.
Respondents contend that the 24-month provision must be construed as commencing on the effective date of the ordinance to avoid a retroactive effect. However, this court is not required to rule on the constitutional permissibility of retroac *1037 tive zoning ordinances because, simply, this is not a retroactive ordinance.
Section 19.3 is an attempt by the zoning authorities to define abandonment. Historically, municipalities have used two alternative methods to characterize abandonment. Some ordinances attempt to define abandonment in terms of an intent to discontinue the use. (67 NY Jur, Zoning and Planning, § 110.) Because intent is so often difficult to prove, other ordinances have avoided the problem by providing a specific time limitation after which a discontinued use may not be permitted to be resumed regardless of intent. (67 NY Jur, Zoning and Planning, § 112.) An ordinance containing a time provision properly drafted, therefore, is not retroactive, but, instead, is merely a tool to be used by the zoning authorities to determine whether the nonconforming use can be characterized as abandoned on the effective date of the ordinance and thereafter. Though it is true that the ordinance does refer back to a period of time previous to the effective date of the ordinance, this procedure to determine whether a nonconforming use has been abandoned as of the ordinance’s effective date is not unique. (See Matter of Carroll v Ingram, 59 AD2d 85.)
Having decided that a properly drafted ordinance may refer to a period before the effective date, the court must still affirm the determination of the court below on other grounds.
Section 19.3 of the Stillwater ordinance is clearly too vague to be enforced against respondents. A " 'statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law’.” (Trio Distr. Corp. v City of Albany, 2 NY2d 690, 696.) The ordinance may logically be construed as the appellant contends, or it may be construed as allowing the respondents 24 months to re-establish a discontinued use from the effective date of its enactment as the respondents contend. The respondents cannot be compelled to speculate as to the correct meaning of the ordinance.
Finally, the third count of the information is not based on abandonment, but, instead, merely alleges that alterations were made by respondents without the issuance of a required permit. The information suggests that the respondents attempted to obtain a permit and were advised "they could not be issued a building permit until they obtained a variance *1038 from the Zoning Board of Appeals.” This court has now held that respondents did not require a variance because it could not be established that their use of the tavern had been abandoned; therefore, the issuance of a permit to alter was improperly and unreasonably denied. Accordingly, the determination of the court below is, in all respects, affirmed.