■ SAM BELLANCA et al., Appellants, v ROGER GATES et al., Constituting the Zoning Board of Appeals of the Town of Henrietta, Respondents, and TRANSMATION, INC., Intervenor-Respondent. — Judgment unanimously reversed, with costs, petition granted and determination annulled. Memorandum: Transmation, Inc., the contract vendee under a purchase agreement covering the subject parcel, applied to respondent for a use variance. The 33-acre parcel has approximately eight acres zoned commercial, while the rest is zoned residential. Transmation sought a use variance permitting it to use the entire parcel for industrial purposes. The variance was granted, and petitioners now seek to have that determination annulled. The petition is granted. "[A] landowner who seeks a use variance must demonstrate factually, by dollars and cents proof, an inability to realize a reasonable return under existing permissible uses" (*Matter of Village Bd. v Jarrold,* 53 NY2d 254, 256). A use variance is not justified merely by "conclusory testimony of the witnesses, unsupported and unsupplemented by underlying concrete facts in dollars and cents form" (*Matter of Village Bd. v Jarrold, supra,* p 260). The instant record is barren of dollars and cents proof. The main testimony establishing that the property could not be marketed under its existing zoning came from the applicant's attorney, who testified that there had been a "for sale" sign on the property for the last 14 years, but that of the 24 inquiries only the commercially zoned road frontage generated any interest. This testimony is insufficient to support a finding that the land in question cannot yield a reasonable return as zoned. We note that there was no testimony from the owners of the property, nor was there any testimony concerning what the "for sale" sign said or what the asking price had been. Moreover, the applicant's attorney admitted that the property had never been listed with a realtor. The attorney further

testified that the sellers were willing to sell the 33-acre parcel only as one single parcel. This is a tacit admission that they never attempted to sell the residential acres for residential purposes. When an applicant seeks a use variance, the issue is not whether the use as presently zoned is the most profitable use, but merely whether that use will yield a reasonable return (*Matter of Douglaston Civic Assn. v Galvin,* 36 NY2d 1, 9; *Matter of Carroll v Ingram,* 59 AD2d 85, 88, mot to dismiss app granted 44 NY2d 948). (Appeal from judgment of Supreme Court, Monroe County, Mastrella, J. — art 78.) Present — Hancock, Jr., J. P., Doerr, Denman, Moule and Schnepp, JJ.