■ Anthony Visciglio et al., Appellants, v Board of Zoning Appeals of City of Syracuse et al., Respondents.— Judgment unanimously affirmed without costs. Memorandum: The subject property consists of one lot improved by a two-story structure used since 1942 as a bar, restaurant and banquet facility and five contiguous lots used as a paved parking area for the restaurant. The property was rezoned in 1962 from a commercial use to "Residential A-1". Petitioners, who have operated the facility since 1942, retired in 1989 and attempted to sell the property. Because the property was idle for more than one year, it lost its status as a non-conforming use. After accepting a purchase offer for the property, petitioners applied for a use variance. They now appeal from a judgment which dismissed their petition to annul respondents' denial of the use variance.

Supreme Court correctly determined that petitioners failed to present sufficient dollars and cents proof that the property could not yield a reasonable return for any use permitted within the zoning classification *(see, Matter of Village Bd. v Jarrold,* 53 NY2d 254, 257-258; *Bellanca v Gates,* 97 AD2d 971, *affd* 61 NY2d 878; *Cortese v Avis Rent A Car Sys.,* 167 AD2d 940). Although petitioners presented evidence that it

would not be economically feasible to convert the restaurant facility to a residential use, they failed to show that other uses permitted within the zone could not yield a reasonable return or that such a return could not be realized by selling each of the six lots separately *(see, Cortese v Avis Rent A Car Sys., supra)*. (Appeal from Judgment of Supreme Court, Onondaga County, Stone, J.—Article 78.) Present—Green, J. P., Pine, Balio, Boehm and Davis, JJ.