No opinion. Nolan, Beldock, Ughetta, Christ and Pette, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD LEWIS, Appellant.—

No opinion. Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CURTIS ORNEAL MCKEITHAN, Appellant.—

It was error to admit evidence that defendant previously had entered a plea of guilty of the crime of which he was convicted by the judgment appealed from (*People* v. *Spitaleri*,

9 N Y 2d 168). There was no objection, however, to the introduction of this evidence; nor did defendant's attorney object to a statement by the prosecutor in his opening that he intended to prove such prior plea of guilty. Under such circumstances and in view of the overwhelming proof of defendant's guilt, it is our opinion that a new trial is not required in the interests of justice (see Code Crim. Pro., § 527). While a different conclusion was reached in *People* v. *Rehm* (13 A D 2d 844) and *People* v. *Brady* (14 A D 2d 575), we do not consider such determinations controlling here. In each of them there were repeated references to the prior plea by the prosecutor and also by the trial court in its charge. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Nolan, P. J., Ughetta, Christ and Brennan, JJ., concur; Pette, J., dissents and votes to reverse the judgment of conviction and to grant a new trial upon the ground that defendant was deprived of a fair trial by the reference to defendant's prior plea of guilt made by the prosecutor in his opening, and by his introduction of testimony to that effect (*People* v. *Spitaleri*, 9 N Y 2d 168). In the case cited it was said (p. 172): "As the Federal Court of Appeals for this circuit put it, 'When a court allows a defendant to withdraw a plea of "guilty" it is because the court finds that circumstances exist which make it unfair to hold him to it. Such circumstances make it equally unfair to use it against him as an admission' (*United States* v. *Adelman*, 107 F. 2d 497, 499)." In my opinion, the failure of defendant's counsel to object to the matter in question did not cure the basic unfairness. In view of the broad language used in the *Spitaleri* case (*supra*) which banned the introduction by the prosecutor of defendant's prior plea of guilty "for all purposes" (p. 173), the failure of defendant's counsel to object to such evidence is wholly immaterial. Moreover, if such objection had been taken it would have been futile and would have been overruled under the case law then prevailing, prior to the *Spitaleri* case which definitely settled the problem (*People* v. *Steinmetz*, 240 N. Y. 411). In my opinion, the two cases in this court cited in the majority memorandum (*People* v. *Rehm*, 13 A D 2d 844, and *People* v. *Brady*, 14 A D 2d 575) are applicable here. In those cases no question was raised as to the defendant's failure to object to the proof of the prior plea of guilty; and each of them was decided without reference to the question whether the proof of guilt was overwhelming. It should also be noted that the proof of guilt was equally overwhelming in the *Spitaleri* case, so much so that the defendant there conceded "that the People's proof was enough for conviction" (p. 170). In view of the Court of Appeals' ruling in the *Spitaleri* case that the prior proof of guilt was out of the case "for all purposes," the error of its admission in the case at bar may not be overlooked under section 527 of the Code of Criminal Procedure. (See, also, *People* v. *Pearson*, 10 N Y 2d 894, revg. 11 A D 2d 1054.)