■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HOWARD BAKSYS, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered March 5, 1965, convicting him of burglary in

the third degree and petit larceny, upon a jury verdict, and imposing sentence on the burglary count and suspending sentence on the petit larceny count. Judgment affirmed. In our opinion, defendant's admission, given at least one-half hour after he apparently suffered an epileptic seizure, was properly received into evidence. Only "at times" is an epileptic not responsible for his actions and statements, that is, only when he is experiencing the effects of a seizure (*People v. Barber*, 115 N. Y. 475; *People v. Codarre*, 20 A D 2d 98, affd. 14 N Y 2d 370, cert. den. 379 U. S. 883). There was no proof, medical or otherwise, offered by defendant to rebut the testimony of the police that he was fully recovered when interrogated. His answers to the questions were responsive and coherent. Even the admission itself seems to be the product of a man in full command of his senses: "Yes, I did do it [but] you're going to have to prove it, because I'm not signing anything." However, we do feel that the court's charge to the jury regarding the admission was inadequate. There was reference to the credibility and reliability of defendant's statement, but not one word regarding its voluntariness. The jury was not told that it was its task to determine whether the statement was voluntary. There was no instruction as to its duty in the event it found the statement to be voluntary, nor a converse instruction as to its duty if it found the statement to be involuntary (*People v. Blando*, 23 A D 2d 761; *People v. Kelly*, 8 A D 2d 478, 481). Nevertheless, under all the circumstances, it is our opinion that defendant is not entitled to reversal and a new trial (see Code Crim. Pro., § 527). There was no exception taken to the charge and no request for any additional instruction regarding the admission (see Code Crim. Pro., § 420-a). More important, there was more than sufficient evidence, even without the admission, to justify the verdict. There was the direct testimony of defendant's accomplice, corroborated by the testimony of defendant's erstwhile girl friend. In addition, the People established a perfect motive for the crime: defendant's revenge at being discharged (the same day as the crime) because of his affliction. Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.