**UNITED STATES of America ex rel. Albert MINTZER, Petitioner-Appellant,**

v.

**Edward DROS, as Warden of the Manhattan House of Detention for Men, Respondent-Appellee.**

**No. 137, Docket 31670.**

United States Court of Appeals Second Circuit.

Argued Oct. 19, 1967.

Decided Nov. 30, 1967.

Albert Mintzer, pro se.

Michael H. Rauch, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of State of New York and Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for appellee.

Before WATERMAN, MOORE and HAYS, Circuit Judges.

PER CURIAM:

Appellant is an incarcerated New York State prisoner. He was sentenced on July 13, 1964 to a term of five to fifteen years upon his conviction after a jury trial for grand larceny in the first degree by false pretenses.

Appellant's application for a writ of habeas corpus was denied by the United States District Court for the Southern District of New York, and he appeals. We affirm.

Appellant claims that his constitutional rights were violated because (1) the indictment on which his trial was based charged not larceny by false pretenses but larceny by false promise, which was not then a crime, (2) there was no evidence to support the conviction, (3) the charge to the jury was erroneous, and (4) the trial was fundamentally unfair because of prejudicial comments by the trial judge. The district court carefully considered each of these contentions. No adequate reason is offered by appellant for our disturbing that court's conclusions.

Habeas corpus is not available to test the sufficiency of the indictment. United States ex rel. Tangredi v. Wallack, 343 F.2d 752 (2d Cir. 1965).

The objections to the correctness of the judge's charge and to the sufficiency of the evidence fail to raise questions of constitutional dimension.

Appellant's continued and disruptive vacillation between insisting on proceeding pro se and demanding to be represented by counsel engendered most of the comments by the trial judge of which complaint is now made. The judge's conduct fell far short of denial of the constitutional right to a fair trial. See United States ex rel. Colon v. Follette, 366 F.2d 775 (2d Cir. 1966).

Appellant also contends that his conviction for failure to file annual reports in violation of New York General Business Law, McKinney's Consol.Laws, c. 20, Section 352–e(8) is invalid because the statute is void for vagueness and in any event does not apply to him. Since appellant was given a suspended sentence of one year on this count, and that year had expired when the decision below was handed down, federal habeas corpus is not available to challenge it.

Affirmed.