**UNITED STATES of America ex rel. James L. FORELLA, Petitioner-Appellant,**

v.

**Hon. Harold W. FOLLETTE, Warden of Green Haven Prison, Stormville, New York, Respondent-Appellee.**

No. 230, Docket 31587.

United States Court of Appeals Second Circuit.

Argued Dec. 10, 1968.

Decided Jan. 10, 1969.

Gretchen White Oberman, New York City (Anthony F. Marra, New York City, on the brief), for petitioner-appellant.

Lillian Z. Cohen, Asst. Atty. Gen. of State of New York (Louis J. Lefkowitz, Atty. Gen., and Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for respondent-appellee.

Before MOORE, SMITH and HAYS, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

This is an appeal from a judgment and order of the United States District Court for the Southern District of New York entered June 7, 1967, Edward Weinfeld, Judge, denying appellant's application for a writ of habeas corpus. United States ex rel. Forella v. Follette, 269 F.Supp. 627 (S.D.N.Y.1967). We find no error and affirm the judgment.

Appellant Forella is confined in the custody of Harold W. Follette, Warden of Green Haven Prison at Stormville, New York, pursuant to a judgment of conviction after a jury trial on charges of burglary and larceny in Westchester County Court on August 15, 1965, Dempsey, J., under concurrent sentences of 7 to 10 and 2½ to 5 years imprisonment.

Petitioner was arrested on a bench warrant issued by a magistrate following the filing of an information. He

contends that his rights under the Fifth, Sixth and Fourteenth Amendments were violated when a police officer was permitted to testify upon the trial that petitioner, following his arrest, made oral admissions as to exclusive possession of a car which had been observed at the scene of the burglary for which appellant was convicted.

The testimony as to the oral admissions was not objected to by petitioner's counsel upon the trial. Appellant allegedly raised the issue in a supplemental *pro se* brief on his appeal to the New York Appellate Division which affirmed his conviction on July 6, 1966. People v. Forella, 26 A.D.2d 772, 272 N.Y.S.2d 745 (2d Dept. 1966). A *pro se* brief raising the issue was also submitted with appellant's application for leave to appeal to the New York Court of Appeals, which was denied, Fuld, J., on December 7, 1966. No petition for certiorari was filed.

The District Court rejected Forella's application. On the merits, the court held that Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) applied to appellant since his trial was before the Supreme Court's decision in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), which was not retroactive. Johnson v. New Jersey, 384 U.S. 719, 732–734, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). Applying the *Escobedo* standards, the court found the application deficient in that it made:

> no claim that petitioner had requested or been denied any attorney; there is no charge of coercive conduct, either

physical or mental; there is no allegation of overreaching; there is no challenge as to the voluntariness of his statement. In the circumstances, the fact that the post-arrest statement was made when petitioner was without the assistance of counsel, whatever may be the legal consequences thereof under the law of the State of New York, has no federal constitutional significance. [269 F.Supp. 628]

In addition, the court further held that even assuming a constitutional defect in the admission of appellant's statements made without benefit of counsel after arrest under a bench warrant and information, federal habeas corpus relief is foreclosed by Forella's failure to make objection upon the trial to the offered admission. Citing People v. McQueen, 18 N.Y.2d 337, 274 N.Y.S.2d 886, 221 N.E.2d 550 (1966) and People v. Huntley, 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965), the District Court found that New York did have a policy of procedural forfeiture for failure of timely objection, which served a legitimate state interest just as the analogous federal rule, i.e., United States v. Indiviglio, 352 F.2d 276 (2 Cir. 1965) (*en banc*), cert. denied 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966), serves a legitimate federal interest. This being the case, the procedural default was held effective to foreclose consideration of the constitutional claim. Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965).

■ We find it unnecessary to explore here the issue of waiver by failure to object[1] for even if no waiver existed

---

1. New York does have a general policy of waiver by failure to object, as Judge Weinfeld held. However, under Section 527 of the New York Code of Criminal Procedure, an intermediate appellate court may:

order a new trial if it is satisfied that the verdict against the prisoner was against the weight of the evidence or against the law, or that justice requires a new trial, whether any exception shall have been taken or not, in the court below.

The New York Court of Appeals has held that the failure to object to the admission of a confession on Sixth Amendment right to counsel grounds does not preclude review of the denial of the constitutional right. People v. Arthur, 22 N.Y.2d 325, 292 N.Y.S.2d 663, 239 N.E.2d 537 (1968). Thus the New York Appellate Division has full power to review matters specified in Section 527 despite the failure of contemporaneous objection, and the New York Court of Appeals has a similar power in cases of constitutional dimensions.

the court was correct in holding that petitioner failed to establish his right to relief on the merits.

The trial of petitioner was prior to Miranda v. Arizona, supra, which was held in Johnson v. New Jersey, supra, to be not retroactive.

Appellant would have us read Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), as standing for the rule that whenever the state has instituted formal proceedings against an accused, the Sixth Amendment guarantee attaches. In particular, he argues that for the purposes of the Sixth Amendment, there is no difference between the filing of an indictment in *Massiah* and the New York procedure used here, i.e., the commencement of suit by the filing of an information. However, it is clear that there is a significant difference between an information and an indictment under New York law. An information which charges a felony:

> is used to initiate a felony case in a local criminal court and serves as a basis for a preliminary examination of the felony charge in such court for the purpose of determining whether the defendant should be held thereon for the action of a grand jury. Unlike the misdemeanor "information," this *felony "information" never constitutes the ultimate accusatory instrument* upon which the defendant is prosecuted in the higher court, *for that is exclusively the function of an indictment.*

Proposed New York Criminal Procedure Law, § 50.10, staff comment at 79–80 (1967) [emphasis added].

The one exception to the latter rule is that óf People v. DeRenzzio, 19 N.Y.2d 45, 277 N.Y.S.2d 668, 224 N.E.2d 97 (1966), which conforms the New York Court of Appeals' practice to that of the federal courts, i. e., following Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) and Henry v. Mississippi, supra, the absence of an objection which is a consciously conceived course of trial strategy will preclude Court of Appeals review.

In *Massiah*, interrogation of the accused without the benefit of counsel could not be justified as necessary police investigation to solve a crime after an indictment had been returned, since the latter indicates that a grand jury has found that the State has legally sufficient evidence of probable cause to believe in the accused's guilt of the crime charged. The information, however, is merely a preliminary accusation indicating that the defendant should be held for a grand jury's determination of whether he should be brought to trial. Forella was arrested pursuant to a bench warrant which had been issued on the basis of such an information.

Secondly, *Massiah* has not been shown to be applicable to the extent that appellant makes no allegation that the statements made to the patrolman in question were not voluntary. Neither Spano v. New York, 360 U.S. 315, 79 S.Ct. 1202, 3 L.Ed.2d 1265 (1959), nor *Massiah* render unconstitutional the admission of the accused's freely volunteered remarks after arrest. United States v. Maxwell, 383 F.2d 437 (2 Cir. 1967), cert. denied Aiken v. United States, 389 U.S. 1043, 88 S.Ct. 786, 19 L.Ed.2d 835 (1968). See United States v. Accardi, 342 F.2d 697, 701 (2 Cir.), cert. denied 382 U.S. 954, 86 S.Ct. 426, 15 L.Ed.2d 359 (1965). In United States v. Drummond, 354 F.2d 132 (2 Cir. 1965) (en banc), cert. denied 384 U.S. 1013, 86 S.Ct. 1968, 16 L.Ed.2d 1031 (1965), reh. denied 385 U.S. 892, 87 S.Ct. 24, 17 L.Ed.2d 126 (1966), this court stated:

> This Court does not view, as Drummond would have us, the absence of counsel at the time admissions are

This is not to say that New York does not have a forfeiture rule, and that the Appellate Division may not take into account the failure to object in denying relief under Section 527. See People v. McKeithan, 14 A.D.2d 916, 223 N.Y.S.2d 707 (2d Dept. 1961), aff'd 12 N.Y.2d 718, 233 N.Y.S.2d 770, 186 N.E.2d 127 (1962); People v. Baksys, 26 A.D.2d 648, 272 N.Y. S.2d 488 (2d Dept. 1966).

made as inevitably compelling a finding of inadmissibility. * * * We can see no reason rising to constitutional proportions requiring a *per se* rule barring the police from a reasonable period of privacy with a reasonably intelligent man who has just been placed under arrest and advised of his rights to remain silent and to counsel. * * * It is the "sum total of the circumstances * * * during the time [the accused] was without counsel," which determines whether there has been a fundamental deprivation of rights. [354 F.2d at 145–146] [citations omitted]

Drummond must be held to govern in the period prior to *Miranda.* Even though the attention of the police had focussed on Forella, his in custody interrogation was not then barred, and voluntary statements might be used even though the formalities later prescribed in *Miranda* had not been complied with.

Judgment denying application for writ of habeas corpus affirmed.