John A. Galltjcci, J.
This is an application in the nature of a writ of error coram nobis to vacate and set aside a judgment entered in this court on the 14th day of February, 1967, convicting defendant, by a verdict of a jury, of murder in the first degree and sentencing him to life imprisonment.
Upon appeal, his conviction was affirmed by the Appellate Division (29 A D 2d 843) and by unanimous decision of the Court of Appeals (24 N Y 2d 666); and defendant now seeks postconviction relief.
Defendant claims, as the basis for this coram nobis motion, that his conviction resulted because of the improper admission into evidence on his trial of a set of fingerprints and a palm print. The palm print and one of the fingerprints matched those taken from the defendant at the time of his arrest. He contends both the fingerprints and the palm print were taken in violation of his rights under the Fourth and Fourteenth Amendments of the Constitution of the United States. He alleges he was arrested without probable cause, that his arrest was unlawful, that the fingerprints and the palm print were taken from him while he was illegally detained, therefore, such evidence is the product of an illegal arrest and should have' been excluded or suppressed.
The Court of Appeals in its decision (24 N Y 2d 666, 670, supra) stated: “In the light of the Supreme Court’s recent decision in Davis v. Mississippi (394 U. S. 721) [decided April 22, 1969], there can be no doubt that,fingerprint evidence is ‘ subject to the proscriptions of the Fourth and Fourteenth Amendments ’ and that such evidence is to be excluded if it be the product of an illegal arrest (394 U. S., at p. 723). However, the fact is that Gates failed to challenge the admissibility of his fingerprints on the ground that they were the fruit of an unlawful arrest either by pretrial motion to suppress — as mandated by our practice (Code Crim. Pro., § 813-c) —or by objection at the trial to their receipt. This being so, it follows that the question is not preserved for our review upon appeal from the conviction. (See People v. Friola, 11 N Y 2d 157.)
1‘ The need to voice an objection in order to raise a question such as this is demonstrated by the present case. Although the defendant now asserts that his arrest was unlawful, his failure to object to the use of the evidence on that ground, or even to intimate that such an issue was in the case, deprived the People of any opportunity to show the information in the possession of the police at the time of Gates ’ arrest. It may well be that, when the arrest was effected — though only 45 minutes after the com *252 mission of the crime — the police had already gathered facts, such as the defendant’s threats against his wife, which actually furnished reasonable grounds for believing that he had committed the crime. Certainly, on the basis of the record now before us, we should not presume otherwise.6 ’ ’
In footnote 6, the court said: “We need not now consider whether the defendant would be entitled to a postconviction hearing to determine the factual circumstances attending his apprehension. (Cf. Kaufman v. United States, 394 U. S. 217.) ”
The People oppose defendant’s application as being the improper .remedy for the relief sought.
It is undisputed that the objections now sought to be raised by the defendant were not asserted by him at the time of trial by means of statutory procedure, i.e., motions to suppress (Code Grim. Pro., '§>§ 813-0 to 813-i, inclusive) by objections during the conduct of the trial itself, or by motions in arrest of judgment or for a hew trial. It was not until argument before the Court of Appeals on February 27, 1969, two years after defendant’s conviction, that he, for the first time, raised the issue of alleged violation of his Federal constitutional rights and which he now claims requires that his judgment of conviction be vacated. The Court of Appeals on May 14, 1969, specifically noted both the substantive applicability of defendant’s assertions (citing Davis v. Mississippi, 394 U. S. 721, supra, decided April 22, 1969), as well as his failure to have preserved such issues for its review, and affirmed the judgment of conviction.
The fundamental issue presented, therefore, is whether defendant, having been denied State appellate relief, is now entitled to State postconviction relief upon constitutional grounds not previously preserved and/or asserted by the defendant, and the substantive applicability of which was decided following defendant’s conviction, but prior to his exhaustion of his State appellate remedies.
Inherent in defendant’s application are the converging issues and principles affecting enforcement of State procedural requirements in accordance with Federal requirements of due process under the Fourth and Fourteenth Amendments to the Federal Constitution and a balancing of the respective rights and obligations of the People and a defendant for the orderly conducting of criminal proceedings in accordance with such requirements. In the instant proceeding, the defendant, while asserting his rights to due process under Federal requirements, has by his own lack of action and inaction, totally failed to avail himself and/or invoke-the State procedural means provided to timely assert the alleged constitutional violations. *253 While it is clear that State procedural requirements cannot be used as a device to bar or deny a defendant his constitutional rights and/or to preclude a review by a Federal forum of the State’s procedural requirements (Townsend v. Sain, 372 U. S. 293; Fay v. Noia, 372 U. S. 391; Henry v. Mississippi, 379 U. S. 443), it is also recognized that procedural requirements and compliance therewith are mandatory upon a defendant seeking relief, both in Federal prosecutions (United States v. Indiviglio, 352 F. 2d 276, en banc, cert. den. 383 U. S. 907), and in State prosecutions (Henry v. Mississippi, supra), so long as a legitimate interest is .served by the procedural requirement.
In New York State, therefore, giving weight to its own legitimate interests of orderly criminal proceedings and the finality thereof, as well as to Federal requirements of due process, the general rule has been to adopt a policy of forfeiture and or waiver of certain constitutional rights where a defendant himself has failed to comply with State procedural requirements. (People v. McQueen, 18 N Y 2d 337; People v. Huntley, 15 N Y 2d 72; People v. West, 12 N Y 2d 1090; People v. Friola, 11 N Y 2d 157.) Recognition and affirmance of such policy has been accorded by the Federal courts of this district (United States v. Follette, 269 F. Supp. 627, affd. 405 F. 2d 680). Enforcement of said policy, however, must always be tempered by the particular circumstances of each proceeding under consideration and special concern given to the nature of the constitutional right allegedly violated. Therefore, in the interests of justice, the appellate courts of this State have the specific statutory authority to inquire and reverse 1 ‘ whether any exception shall have been taken or not, in the court below ” (Code Crim. Pro., § 527), and the Court of Appeals has the inherent discretion itself, following judgment of conviction, to direct further proceedings involving claims of alleged violations of constitutional rights even though procedural requirements, such as failure to object, have not been followed (People v. Arthur, 22 N Y 2d 325; People v. McLucas, 15 N Y 2d 167; People v. De Renzzio, 19 N Y 2d 45). Even in the case cited by defendant in support of this application, Kaufman v. United States (394 U. S. 217, supra) postconviction relief was predicated upon the defendant’s trial objection to the alleged illegal evidence. In its review of defendant’s conviction, the Court of Appeals could have exercised its inherent discretion and directed further proceedings herein as to the issues now sought to be raised by defendant; instead, judgment was affirmed.
Having concluded that defendant’s own disregard for State procedural requirements properly subjects him to New York’s *254 general policy of forfeiture, this court must still consider whether, because of the nature of the alleged constitutional violation or because of the postconviction decision of Davis v. Mississippi (394 U. S. 721, supra), determining specifically that fingerprint evidence obtained after an illegal arrest is subject to exclusion in State prosecutions, the said policy of forfeiture should not be invoked against this defendant.
The defendant does not assert that the court was without jurisdiction over Ms person for the crime charged, or that he was denied counsel at any stage of the proceedings against him; in fact, able counsel has represented defendant at all times; nor is there any assertion that the evidence obtained from defendant was obtained by fraud, duress or coercion, or that it is immaterial or of no probative value. The sole complaint is that since defendant was allegedly illegally arrested, the fingerprint and palm print evidence obtained from him were illegally seized and improperly used at trial. Defendant’s position, however, does not support Ms claim for postconviction relief, since (a) the Federal “ exclusionary ” rule prohibiting State’s admission of illegally seized evidence predated the trial of this defendant, and (b) Federal decisions mandating State compliance with its rule of exclusion of illegally obtained evidence have been given prospective, and not retroactive, application.
On June 19, 1961, the Supreme Court of the United States in Mapp v. Ohio (367 U. S. 643) clearly mandated that the Federal rule, excluding the admission at (trial of evidence seized as the result of an illegal search and seizure, was applicable to and enforceable in all State criminal proceedings. Acting in response to Mapp, the Legislature of the State of New York enacted specific procedural implementation in accordance with .such directive, to wit: sections 813-c to 813-e inclusive, effective April 29, 1962, including subdivision 4 of section 813-d of the Code of Criminal Procedure, which provides as follows: “ If no motion is made in accordance with the provisions of this title, the defendant shall be deemed to have waived any objection * * * that such evidence was unlawfully obtained ’ ’. Thus the burden was placed upon a defendant claiming that evidence was illegally seized to himself bring to the trial court’s attention the issue of illegal search and seizure. His failure to do so will result in denial of postconviction relief even though he asserts a violation of constitutional rights predicated upon illegally seized evidence (People v. Britton, 26 A D 2d 586, cert. den. 386 U. S. 935). Unlike certain fundamental constitutional rights, e.g., the right to counsel, the right against the use of illegally obtained evidence is subject to loss by forfeiture and/or waiver. *255 (Henry v. Mississippi, supra; People v. Weems, 23 A D 2d 701, mod. 17 N Y 2d 598; People ex rel. Balbot v. Denno, 28 A D 2d 919, mot. for lv. to app. den. 22 N Y 2d 641.)
Argument could be made that since Davis v. Mississippi (supra) was not decided by the Supreme Court until after defendant’s conviction, any motion to suppress and/or objection at trial by defendant would have been futile and that due process requires retroactive effect of said decision upon this instant application. The Court rejects this argument.
In Davis v. Mississippi (supra), in contrast to the instant case, the defendant did object at trial to introduction of the fingerprint evidence, and further, the State conceded the illegality of defendant’s arrest. The Supreme Court, in reversing defendant’s conviction, did not, however, mandate retroactive effect of its decision or make it applicable to pending cases on appeal. The standard imposed by said court in its other decisions affecting illegally seized evidence, namely, whether the constitutional rule enunciated goes to the very integrity of the truth-determining process at trial itself, leads this court to conclude that prospective effect only is to be given to the rule established by Davis v. Mississippi (supra). (Linkletter v. Walker, 381 U. S. 618; Johnson v. New Jersey, 384 U. S. 719; Stovall v. Denno, 388 U. S. 293; People v. Kaiser, 21 N Y 2d 86, affd. 394 U. S. 280; Fuller v. Alaska, 393 U. S. 80; United States v. Hart, 407 F. 2d 1087, cert. den. 395 U. S. 918; People v. Jarrels, 33 A D 2d 522.)
This court finds, therefore, that under the procedural circumstances and status of legal principles attending the defendant’s conviction, the defendant is not entitled to the postconviction relief sought.
Accordingly, defendant’s application is denied.