UNITED STATES of America ex rel.
Sam JIGGETTS, Petitioner,

v.

Harold W. FOLLETTE, Warden, Green Haven State Prison, Stormville, N. Y., Respondent.

No. 69 Civ. 3019.

United States District Court
S. D. New York.

Jan. 6, 1970.

Sam Jiggetts, pro se.

Louis J. Lefkowitz, Atty. Gen., New York City, for respondent; Stephen B. Seligman, Deputy Asst. Atty. Gen., New York City, of counsel.

## OPINION

COOPER, District Judge.

Petitioner applies *pro se* for a writ of habeas corpus. He was convicted of the crimes of burglary in the first degree, attempted rape in the first degree, assault in the second degree with intent to commit rape, assault in the second degree with a dangerous weapon and carrying a dangerous weapon after a trial by jury on January 16, 1959 in the former Kings County Court, New York.

Following the mandatory period of observation and upon the recommendation of the observing hospital authority, petitioner was committed on April 13, 1959 to Matteawan State Hospital as insane and unfit for sentencing. On December 21, 1961 upon Mateawan's certification that he was sane and following a sanity hearing (directed mainly at the issue of his sanity at the time of trial and commission of the acts), he was sentenced as a second felony offender to concurrent terms of imprisonment of 40 to 60 years on the burglary conviction, 10 to 14 years on the weapons conviction, 15 to 20 years on the attempted rape conviction and 5 to 10 years on each assault conviction. These sentences were vacated on appeal because no current psychiatric report had been used to determine petitioner's sanity at the time of sentencing as required by law. People v. Jiggetts, 19 A.D.2d 837, 245 N.Y.S.2d 304 (2d Dept.1963).

Petitioner was returned to Kings County Hospital where he was found to be sane. At a hearing held in the Supreme Court, Kings County on January 9, 1964 this finding was confirmed with petitioner's consent. Following a hearing held on February 7, 1964 defendant was found to have been sane at the time of trial (and as of that date) and was resentenced to the same 40 to 60 year term previously described. The judgment of conviction and resentence was unanimously affirmed on appeal. People v. Jiggetts, 23 A.D.2d 967, 259 N.Y.S.2d 813 (2d Dept.1965). Leave to appeal to the Court of Appeals was denied on August 6, 1965.

Petitioner's lengthy papers appear to allege the following eight grounds for relief: (1) he was denied counsel at his arraignment; (2) his trial counsel was ineffective; (3) statements made by his wife were improperly introduced at trial; (4) his admission was involuntary; (5) exculpatory material in the possession of the State was withheld; (6) he was denied a fair hearing into his sanity at the time of trial; (7) he was insane at the time of trial; (8) his conviction for the crime of attempted rape was improper since there is no such offense and, in any event, the evidence, if believed established rape.

From the papers before us it appears that petitioner has failed to exhaust his available State remedies as to his first three claims. These claims are accordingly dismissed. See, e. g., United States ex. rel. Jiggetts v. Follette, 260 F.Supp. 301 (S.D.N.Y.1966) (Judge Weinfeld denied petitioner's previous application for habeas corpus relief for failure to exhaust his state remedies).

Petitioner's five remaining claims have seemingly all been exhausted.[1] We must therefore consider these issues despite the presence of unexhausted claims. See United States ex rel. Levy v. McMann, 394 F.2d 402 (2d Cir. 1968).

We turn first to petitioner's claim that his admission introduced at trial

---

1. A petition for a writ of error coram nobis claiming the proceedings relevant to his mental condition were defective was denied by the trial judge on February 17, 1966 and the denial unanimously affirmed on appeal. People v. Jiggetts, 28 A.D. 2d 933, 282 N.Y.S.2d 317 (2d Dept. 1967), aff'd 22 N.Y.2d 796, 292 N.Y.S.2d 898, 239 N.E.2d 642 (1968). An application for a writ of habeas corpus alleging his confession had been illegally obtained and that his conviction for attempted rape was improper was dismissed in March, 1968 by the Supreme Court, Dutchess County and that dismissal affirmed on appeal. People ex rel. Jiggetts v. Follette, 31 A.D. 2d 552, 296 N.Y.S.2d 534 (2d Dept. 1968).

was involuntary. He alleges that he was coerced into damaging admissions by police threats to press charges against his wife and by promises of psychiatric treatment for his alleged mental illness.

At trial the only objection taken by petitioner's counsel to the introduction of petitioner's admission was that the statement was irrelevant because he made no admission of guilt to the crimes charged.[2] On direct appeal petitioner did not raise the present claim of mental coercion by the police; rather, in misplaced reliance upon Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L. Ed.2d 977 (1964) (petitioner conceded that he did not request counsel at the time of his interrogation) he asserted that the fact he was without counsel at the time of his interrogation by the police constituted a denial of his Sixth Amendment rights rendering his statements inadmissible. See Brief for Defendant-Appellant, People v. Jiggetts, Supreme Court, Appellate Division, Second Department. Thus, petitioner's present claim was raised in the State courts for the first time on collateral attack. See Note 1, *supra*.

The evidence in this case consisted of the testimony of the complaining victim and of the detective to whom petitioner made his statement, as well as the statement itself. His statement admitted that he entered the victim's first floor apartment through a window in order to have sexual relations with her, but insisted that he used no force and that she submitted willingly. Record at 67, 72–73.

This statement was consistent with petitioner's apparent trial strategy. At no time did he attempt to establish that he had not entered the victim's apartment and had relations with her. Instead he chose to contend that he was invited by the victim and that she engaged in intercourse voluntarily. Petitioner's counsel made strategic affirmative use of this statement by stressing that petitioner denied use of force from the outset, even while admitting his presence at the complainant's house. Record at 72.

It is evident that not actively contesting the fact of having had intercourse with the victim, he saw no purpose to contesting the receipt into evidence of his admissions, preferring instead to seek to minimize the potential importance which the jury might assign to such admissions (if he sought to object to their introduction) by concentrating on his argument that no force was employed; that such was the position he took in his statements to the police and that these admissions were therefore irrelevant and immaterial.

We believe that petitioner has waived his claim of involuntary confession now asserted on habeas corpus by his failure to raise this contention either before the trial court or on direct appeal. See United States ex rel. Forella v. Follette, 269 F.Supp. 627, 628–629 (S. D.N.Y.1967), aff'd on other grounds, 405 F.2d 680 (2d Cir. 1969); United States v. Indiviglio, 352 F.2d 276 (2d Cir. 1965); United States v. Re, 372 F.2d 641 (2d Cir. 1967); United States ex rel. Hall v. Deegan, 298 F.Supp. 975, 976 (S.D.N.Y.1969). See also, Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

This case is to be distinguished from United States ex rel. Vanderhorst v. LaVallee, 417 F.2d 411 (2d Cir. October 10, 1969) which found neither waiver nor deliberate bypass by that petitioner. In *Vanderhorst*, objection to the voluntariness of the confession had been raised on several grounds at trial and the precise ground raised on habeas corpus had been asserted in the state court on appeal. Here there is no such compliance with the New York procedure permitting appellate review of a deprivation of a constitutional right even though no objection was taken at trial. See People v. McLucas, 15 N.Y.2d 167,

---

2. Record of trial, People v. Jiggetts, January 16, 1959 at 67 and 74–75.

256 N.Y.S.2d 799, 204 N.E.2d 846 (1965); United States ex rel. Vanderhorst v. LaVallee, *supra;* United States ex rel. Forella v. Follette, 405 F.2d 680, 681 n. 1 (2d Cir. 1969). Moreover, none of the reasons assigned to distinguish *Vanderhorst* from *Indiviglio* and *Re* are present here. See United States ex rel. Vanderhorst v. LaVallee, *supra* at n. 3.

■ Petitioner next claims that if at trial his counsel was permitted to read the entire report containing petitioner's admission to the police, he would have discovered that coercion had been resorted to and that accordingly the principles of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) have been violated. Petitioner is engaging in mere unsupported speculation. There is a total lack of any support for his contention that the prosecution suppressed evidence favorable to petitioner and material to the question of his guilt.

■ We therefore turn to his contention that he was insane at the time of trial and that he was denied a fair hearing on that question. The record of the hearings held to determine his sanity at the time of trial rebut any contention that they were not full and fair, 28 U.S.C. § 2254(d) (2) and (6). See Record of Hearing to Set Aside Conviction, People v. Jiggetts, County Court, Kings County, December 15 and 21, 1961; Record of Resentence, Supreme Court, Kings County, January 9, February 7 and February 21, 1964. Petitioner, represented by counsel, was given every opportunity to secure a medical expert who might lend support to his contention that he was incompetent at the time of trial. None was produced. See Record, *supra,* January 9, February 7 and 21, 1964.

Petitioner's contention that his commitment after trial and prior to sentencing demonstrates that he was insane at the time of trial must also fail. There was ample evidence in the record of the state sanity hearings to fairly support the finding of the hearing Justice that petitioner was competent at the time of trial, 28 U.S.C. § 2254(d) (8). See Record, *supra,* December 15 and 21, 1961 and February 21, 1964. At the 1961 hearing, petitioner's trial counsel testified that he had no difficulty discussing the case with petitioner and that if he had encountered trouble preparing the case he would have objected about proceeding. The psychiatrist, who found petitioner unable to understand the pending sentence and who examined him two weeks after the trial, testified that the petitioner's condition was a prison psychosis or prison reaction. He further testified that he was not prepared to give an opinion concerning petitioner's mental condition at the time of trial, stating that such a condition could "develop any time any minute." Accordingly, no further evidentiary hearing into this issue is required or appropriate. 28 U.S.C. § 2254(d).

■ Petitioner's final claim that there was no basis for an indictment for attempted rape (all proof at trial having shown rape) and that there was no corroboration of the victim's testimony, does not appear to raise a federal constitutional question. In any event, petitioner received concurrent sentences of 40 to 60 years for burglary and 15 to 20 years for attempted rape. Accordingly, petitioner may not complain of an alleged error affecting only the attempted rape count. See United States ex rel. Weems v. Follette, 414 F.2d 417 (2d Cir. 1969).

Accordingly, petitioner's application for a writ of habeas corpus is denied as to the five allegations considered above on the merits; as to the other three grounds, dismissed without prejudice to renewal upon a showing of exhaustion of available state remedies.

So ordered.