**UNITED STATES of America ex rel. Eugene Albert YACOBELLIS, Petitioner,**

v.

**Charles L. McKENDRICK, as Warden of Wallkill State Prison, Respondent.**

**No. 71 C 778.**

United States District Court, E. D. New York.

Sept. 3, 1971.

Eugene Albert Yacobellis, pro se.

No appearance for defendant.

## MEMORANDUM and ORDER

COSTANTINO, District Judge.

Having exhausted his state remedies, petitioner applies for a writ of habeas corpus to set aside his conviction after jury trial in Suffolk County Court of the crimes of robbery in the third degree, grand larceny in the first degree and grand larceny in the second degree. Upon conviction for robbery in the third degree and grand larceny in the first degree, the petitioner was sentenced to a term of 5 to 10 years; for grand larceny in the second degree, petitioner was sentenced to a term of 2½ to 5 years. All three sentences were to run concur-

rently. Petitioner is now on parole from the Wallkill State Prison.

Clearly, it is within the jurisdiction of a federal court to issue a writ of habeas corpus if the petitioner is "in custody" at the time his application for relief is filed. 28 U.S.C. § 2254 (Supp. V, 1970). In Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), the Supreme Court ruled that a state prisoner who had been placed on parole but who remained in the custody of the parole board was "in custody" within the meaning of 28 U.S.C. § 2254 (Supp. V, 1970). See United States ex rel. Sadness v. Wilkens, 312 F.2d 559 (2d Cir.), cert. denied, 374 U.S. 849, 83 S.Ct. 1910, 10 L.Ed.2d 1069 (1963). Subsequently, in Carafas v. LaVallee, 391 U.S. 234, 238–239, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), overruling Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L. Ed.2d 963 (1960), the Court declared that federal jurisdiction would not be defeated by the release of a prisoner from custody prior to the complete adjudication of his application for habeas corpus relief. In *Jones, Carafas* and *Sadness*, however, the applications for relief were filed while the respective petitioners were incarcerated in state prisons. Petitioner Yacobellis, however, did not apply for federal habeas corpus relief until after he was released from physical custody and placed in the constructive custody of the parole board.[1] Nevertheless, it is the clear implication of *Jones* that if a state prisoner when placed on parole is to remain in the constructive legal custody of the board of parole, the jurisdictional requirement of 28 U.S.C. § 2254 (Supp. V, 1970) is satisfied, whether or not the petitioner's application for federal habeas corpus relief was filed prior to his release from prison. Since this court has jurisdiction to grant the relief sought by the petitioner, the merits of the petitioner's claim must be reached.

---

[1] Pursuant to N.Y. Correction Law McKinney's Consol.Laws c. 43, § 213 (McKinney Supp.1971), a parolee remains in the legal custody of the board of parole. See Men-

echino v. Division of Parole, 32 A.D.2d 761, 301 N.Y.S.2d 350 (2d Dep't.1969), aff'd mem., 26 N.Y.2d 837, 309 N.Y.S.2d 585, 285 N.E.2d 84 (1970).

The main thrust of the petitioner's attack is directed toward his conviction for robbery in the third degree. Petitioner argues that, pursuant to the applicable state law,[2] there could be no basis for his conviction for robbery in the third degree and, accordingly, no basis for the trial judge to submit the crime of robbery in the third degree to the jury, since the indictment upon which he was tried charged him with robbery in the first degree and the evidence educed at trial would not permit a finding of robbery in any degree less than in the first degree.

 Petitioner's objections to the state trial judge's submission of the lesser degree of robbery to the jury and the sufficiency of the evidence supporting the conviction on that lesser degree of robbery "fail to raise questions of constitutional dimension." United States ex rel. Mintzer v. Dros, 403 F.2d 42, 43 (2d Cir. 1967), cert. denied, 390 U.S. 1044, 88 S.Ct. 1643, 20 L.Ed.2d 305 (1968). See United States ex rel. Jiggets v. Follette, 308 F. Supp. 468, 471 (S.D.N.Y. 1970). Moreover, petitioner received concurrent sentences of 5 to 10 years upon conviction of robbery in the third degree and grand larceny in the first degree. The alleged infirmity of which petitioner complains extends only to the conviction for robbery in the third degree. It is the rule of this circuit that a petitioner will not be heard to complain of an error on one count when he receives concurrent sentences on several counts. United States ex rel. Weems v. Follette, 414 F.2d 417 (2d Cir. 1969), cert. denied, 397 U.S. 950, 90 S. Ct. 973, 25 L.Ed.2d 131 (1970). The petition for a writ of habeas corpus must be and is hereby dismissed.

So ordered.

---

2. At the time of the petitioner's indictment, N.Y. Penal Law, McKinney's Consol. Laws, c. 40, § 2128 (McKinney 1944) provided that a person could be found guilty of robbery in the third degree only where the robbery was committed under circumstances not amounting to robbery in the first or second degree. The penal law revision redefining the crime of robbery in the third degree occurred after the petitioner's indictment and trial. See N.Y. Penal Law § 160.05 (McKinney 1967).