(No. 42561.-)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. EUGENE TYNER, Appellant.

*Opinion filed September 30, 1971.*

WARD, J., took no part.

JEROME T. BURKE, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, ROBERT A. NOVELLE and MICHAEL J. GOLDSTEIN, Assistant State's Attorneys, of counsel,) for the People.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

In January of 1961, James Toney was shot and killed. The defendant, Eugene Tyner, and a co-defendant, Herbert Kelley, were charged with the murder. They were tried together, found guilty by a jury, and each was sentenced to imprisonment for a term of 199 years. The defendant appealed, and because of prejudicial remarks made by the trial judge and also because a written statement given to the police by Kelley was erroneously received in evidence, the judgment was reversed. *People v. Tyner (1964), 30 Ill.2d 101.*

In January of 1965, the defendant was again tried and found guilty by a jury and was sentenced to imprisonment for a term of not less than 20 nor more than 35 years. No appeal was taken from this judgment. The defendant did, however, file a *pro se* post-conviction petition which was dismissed without an evidentiary hearing by the circuit court on May 18, 1966. On May 29, 1968, the order of dismissal was reversed by this court *(People v. Tyner (1968), 40 Ill.2d 1),* and the cause was remanded. Thereafter, an amended post-conviction petition was filed, evidence was heard, and the petition was denied. The case is here again on the defendant's appeal from that judgment.

After Toney was killed, the defendant fled. He was apprehended in Uniontown, Pennsylvania, waived extradition and was returned by train to Illinois in the custody of a single police officer. The present appeal centers upon the fact that at the defendant's second trial, Officer Booker Porter testified to statements made by the defendant on the return trip. In these statements, the defendant said that he had beaten Toney upon the head so that Toney's head would look like the defendant's did as a result of an earlier beating that the defendant had received from Toney on the night of the shooting.

During the return trip the defendant was handcuffed most of the time and was also restrained by leg irons at least during a part of the time. He was not advised of his right to counsel, and he contends that the statements in question were deliberately elicited by the police officer while the defendant was in custody, without counsel, and manacled and restrained by leg irons. For these reasons, he contends that his rights under the fifth and sixth amendments to the constitution of the United States were violated.

The defendant's description of the circumstances under which the statements were made does not, in our opinion, establish that they were involuntary. That

description does not suggest that any threats were made or that the defendant requested counsel. It is true that the defendant was in the custody of Officer Porter, but it was a unique kind of custody, in public, on a railroad train. It differed sharply from the kind of custodial interrogation that was involved in *Escobedo v. Illinois (1964), 378 U.S. 478, 12 L.Ed.2d 977, 84 S.Ct. 1758,* and *Miranda v. Arizona (1966), 384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602,* both of which were decided after the statements involved in this case were made. See *Johnson v. New Jersey (1966), 384 U.S. 719, 16 L.Ed.2d 882, 86 S.Ct. 1772.*

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.