**UNITED STATES of America ex rel. Eugene TYNER, Petitioner,**

v.

**John J. TWOMEY, Warden of the Illinois State Penitentiary, Joliet, Illinois, Respondent.**

**No. 71 C 3072.**

United States District Court, N. D. Illinois, E. D.

Nov. 2, 1972.

Eugene Tyner, pro se.

William J. Scott, Atty. Gen., for the State of Ill., Chicago, Ill., for respondent.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the motion of respondent John J. Twomey to dismiss the instant petition for habeas corpus relief under § 2254 of Title 28 of the United States Code. The petitioner is presently incarcerated in the Illinois State Penitentiary, Joliet, Illinois. Upon a jury's finding petitioner guilty of murder, he was sentenced on January 27, 1965 in the Circuit Court of Cook County to imprisonment for 20 to 35 years. No appeal was taken from this judgment; however, the petitioner did file a *pro se* post conviction petition, which was dismissed without an evidentiary hearing by the Circuit Court on May 18, 1966. On May 29, 1968, the order was reversed

by the Illinois Supreme Court and the cause remanded. Thereafter, petitioner filed an amended post-conviction petition, which was denied after an evidentiary hearing. The Illinois Supreme Court affirmed that judgment in People v. Tyner, 49 Ill.2d 207, 274 N.E.2d 20 (1971).

The relevant facts are as follows: The petitioner fled from the State of Illinois after the decedent's death. Subsequently, he was apprehended in Uniontown, Pennsylvania, where he waived extradition, and was returned by train to Illinois in the custody of a single police officer. For most of the return trip the petitioner was handcuffed; he was restrained also by leg irons part of this time. He was not advised of his right to counsel. At the trial in January, 1965, the police officer testified that on the return trip petitioner stated that he had beaten the decedent on the head.

In his petition for habeas corpus relief, the petitioner alleges he is being held in custody unlawfully for the following reasons: Since his conviction allegedly was based upon statements he made under circumstances which deprived them of their voluntary character, it was in violation of sixth amendment to the Constitution; (2) the State in its presentation of evidence allegedly went beyond the charges in the indictment, petitioner was deprived of his right to a fair trial; and (3) since the indictment allegedly was void, petitioner was deprived of his right to a fair trial.

In support of the instant motion, respondent alleges that the petitioner has failed to state a claim cognizable in federal habeas corpus. The Court agrees that none of the grounds raised by the petitioner justifies habeas corpus relief under 28 U.S.C. § 2254.

■ The petitioner initially seeks to establish his statements as involuntary, attempting to apply the *Escobedo* and *Miranda* doctrines to the trial of January, 1965. However, in Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16

L.Ed.2d 882 (1965), the Supreme Court determined that the holding in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) should not be applied retroactively. Hence, only Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) is relevant to the petitioner's trial.

 The precise holding of *Escobedo* was that statements elicited by the police during an interrogation may not be used against the accused at the criminal trial

> "[where] the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogations that lends itself to eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent. . . ." 378 U.S. at 490–491, 84 S. Ct. at 1765.

The petitioner's description of the circumstances under which the statements were made does not establish that they were involuntary. Petitioner alleges neither that he requested counsel nor that the officer threatened him. Although the petitioner was in custody of the police officer, that custody was in *public,* on a railroad train. The situation differed sharply from the kind of custodial interrogation that was involved in *Escobedo, supra.* The petitioner has failed to establish that his statements were involuntary within the *Escobedo* standard.

 The Court need not reach the question of the admissibility of evidence which is allegedly outside the charge as set forth in the indictment. It is well settled that a federal habeas court does not "sit to review state court action on questions of the propriety of the trial judge's action in the admission of evidence." Lisenba v. California, 314 U.S.

219, 228, 62 S.Ct. 280, 286, 86 L.Ed. 166 (1941). Similarly, the Court need not decide whether the indictment was void since the sufficiency of an indictment cannot be reviewed in habeas corpus proceedings. Kneivel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036 (1928); United States ex rel. Mintzer v. Dros, 403 F.2d 42 (2nd Cir. 1967).

Thus, as a matter of law, none of the petitioner's averments constitutes an allegation that petitioner is being held in custody in violation of the Constitution, laws or treaties of the United States. Accordingly, for the foregoing reasons, respondent's motion to dismiss the petition for a writ of habeas corpus is granted.