**U. S. ex rel. John MAISONET,**
**Petitioner,**

v.

**J. E. LA VALLEE, Superintendent Clinton Correctional Facility, Dannemora, New York, Respondent.**

**No. 75 Civ. 1355.**

United States District Court,
S. D. New York.

Dec. 19, 1975.

John Maisonet, petitioner, pro se.

J. E. La Vallee, Superintendent, Clinton Correctional Facility by Louis J. Lefkowitz, Atty. Gen. of N. Y. (Joan P. Scannell, Deputy Asst. Atty., Gen.), for respondent.

## MEMORANDUM AND ORDER

OWEN, District Judge.

Petitioner, John Maisonet, applies to this Court for a writ of habeas corpus, alleging a variety of defects in the conduct of his trial. He was convicted on June 28, 1973 in the Supreme Court, New York County, of Criminal Sale of a Dangerous Drug in the First Degree, in the Second Degree and in the Third Degree and sentenced to a concurrent term of fifteen years to life on the first degree sale conviction, an indeterminate fifteen year term on the second degree conviction and an indeterminate ten year term of imprisonment on the third degree conviction. The convictions were affirmed by the Appellate Division, First Department, and Petitioner was denied leave to appeal to the New York Court of Appeals. He is presently confined to the Clinton Correctional Facility.

Petitioner's first contention is that the prosecutor violated his right against self-incrimination by making a comment about his opportunity to take the witness stand. The incident complained of occurred when the petitioner, acting *pro se,* was questioning a witness. The prosecutor, objecting to what he perceived to be an attempt to offer testimony in the form of a question,[1] interrupted and said:

"Your Honor, Mr. Maisonet will have an opportunity to tell his story under oath if he wants at the appropriate time. He cannot testify here in the course of his question." (Tr. 579)

---

1. Petitioner asked the witness:
"Q. If I were to tell you now, Officer Elliot, that at the time that you stated, at 8:35, that I wasn't in the vicinity . . .."

Petitioner claims this statement denied him a fair trial because it underlined his subsequent failure to testify.

Under the law of this Circuit, it is unclear whether a defendant can waive his right against self-incrimination by giving testimony under the guise of asking questions. *Compare United States v. Kaufman*, 429 F.2d 240, 246 (2d Cir. 1970) with *United States v. Curtiss*, 330 F.2d 278 (2d Cir. 1964). *See also U. S. ex rel. Miller v. Follette*, 397 F.2d 363 (2d Cir. 1968), *cert denied*, 393 U.S. 1039, 89 S.Ct. 660, 21 L.Ed.2d 585 (1969). But whether or not there has been a total waiver, courts have generally declined to find a violation when the offending remark is precipitated by the defendant's attempt to give testimony without taking the witness stand. *E. g., U. S. v. Mahanna*, 461 F.2d 1110, 1114 (8th Cir. 1972) (judge told defendant "If you propose to offer testimony, I suggest that you take the oath and witness stand"); *U. S. v. Warner*, 428 F.2d 730, 738 (8th Cir. 1970) (judge told defendant, "I think you should ask questions. If you want to testify later on you may.").

■ Even apart from the possibility of waiver, the prosecutor's remark did not violate petitioner's right against self-incrimination. The standard test is "whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." *U. S. ex rel. D'Ambrosio v. Fay*, 349 F.2d 957, 961 (2d Cir.), *cert. denied*, 382 U.S. 921, 86 S.Ct. 301, 15 L.Ed.2d 235 (1965) (quoting *Knowles v. U. S.*, 224 F.2d 168, 170 (10th Cir. 1955)).

In this case, the prosecutor did not have a "manifest intent" to comment upon petitioner's failure to take the stand. Placed in context, it is apparent that his aim was to object to petitioner's mode of questioning. Further, a jury would not "necessarily" conclude that this remark—made in colloquy during the examination of a prosecution witness—was a "comment" on the failure of the accused to testify. Even if the prosecutor's remark was interpreted as a comment on petitioner's subsequent silence, any prejudice that might have accrued was counteracted by the trial court's instruction to the jury:

> [The petitioner's] neglect or refusal to testify does not create any presumption against him. In other words the Defendant has the right to remain silent. In view of this principle of law in favor of a Defendant, you must not presume anything regarding Defendant's neglect or failure to testify because he has not taken the witness stand. It is his constitutional right to remain silent. (Tr. 1519)

Under these circumstances, any error in the comment was harmless. *Haberstroh v. Montanye*, 493 F.2d 483 (2d Cir. 1974).

■ Petitioner's next contention is that the prosecutor prejudiced the jury against him by blaming him for the national drug problem. There is no merit in this claim. What the prosecutor actually said was, "[N]o verdict that you could possibly return here could undo the harm to society that the violations of law here have entailed. The distribution of drugs in our community can never be compensated by conviction of a single man or of other persons involved at subsequent times." (Tr. 1498). It is not improper, within reasonable limits, for a prosecutor to emphasize the importance of a case by calling the jury's attention to the social problem of narcotics. *U. S. v. Ramos*, 268 F.2d 878, 880 (2d Cir. 1959). This is especially true where the vast majority of the prosecutor's statements were properly directed at the evidence. *U. S. v. Durham*, 319 F.2d 590 (4th Cir. 1963). There is no indication that such discretion was abused in this case.

■■ The petitioner also charges that the indictment failed to apprise him of the charges against him and was insufficient in other respects. "Habeas corpus is not available to test the sufficiency

of the indictment." *U. S. ex rel. Mintzer v. Dros,* 403 F.2d 42, 43 (2d Cir. 1967), *cert. denied,* 390 U.S. 1044, 88 S.Ct. 1643, 20 L.Ed.2d 305 (1968). Petitioner cannot claim lack of notice because he was provided with substantially all of the grand jury testimony and a bill of particulars prior to trial.

Petitioner further claims that he was deprived of his right to a public trial because the trial judge, acting for security reasons, in response to a request from the prosecutor, barred the public, except for members of the bar, from the courtroom during the testimony of two witnesses.

■■ The right to a public trial is not absolute, but must be balanced with other interest. *Stamicarbon, N.V. v. American Cynamid Co.,* 506 F.2d 532 (2d Cir. 1974). There is a strong public interest in encouraging complete and honest testimony, allowing witnesses to testify under conditions in which they will not feel intimidated or embarrassed. *U. S. ex rel. Bruno v. Herold,* 408 F.2d 125 (2d Cir. 1969), *cert. denied,* 397 U.S. 957, 90 S.Ct. 947, 25 L.Ed.2d 141 (1970); *Geise v. U. S.,* 262 F.2d 151 (9th Cir. 1958), *cert. denied,* 361 U.S. 842, 80 S.Ct. 94, 4 L.Ed.2d 80 (1959); *People v. Hinton,* 31 N.Y.2d 71, 334 N.Y. S.2d 885, 286 N.E.2d 265 (1972), *cert. denied,* 410 U.S. 911, 93 S.Ct. 970, 35 L.Ed.2d 273 (1973).

■ In this case the trial judge's decision to bar the public during the testimony of an undercover police officer, whose safety might have been endangered if his identity had been publicly exposed was a reasonable resolution of the conflicting interests. In the second instance, involving an informant, the petitioner waived his right to object by consenting to the exclusion of the public. *U. S. ex rel. Bruno v. Herold, supra.*

Petitioner also contends that certain consensual recordings were obtained as a result of leads from allegedly illegal wiretaps. But the trial judge made a finding of fact that the recordings did not result from information obtained through the wiretaps.

■ Under 28 U.S.C. § 2254(d) this court's function in reviewing a factual determination made by a state court is limited.[2] Only "if the habeas applicant did not receive a full and fair evidentiary hearing in a state court" must the federal court hold an evidentiary hearing and so disregard the state determination. *Townsend v. Sain,* 372 U.S. 293, 312, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963). The trial judge here made his decision after hearing testimony and argument on Petitioner's motion to suppress. Petitioner has offered no new evidence which would lead me to disturb it.

■ Petitioner also claims that the government's failure to turn over to him a copy of a recording made when he was taken into custody was a violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). But under the *Brady* standard a constitutional violation occurs only when the withheld evidence is "favorable to the accused" and is "material either to guilt or to punishment." Petitioner does not contend in his application that he made any statements during the recorded interview which were either favorable to him or material. According to the prosecutor, he made none at all. Consequently, his contention must be rejected.

■ Petitioner's final objection— that the trial judge permitted the prosecutor to ask leading questions—fails to raise a question of constitutional dimension.

For the foregoing reasons, the petition is denied in its entirety.

So ordered.

---

2. A factual finding is presumed to be correct if made after a hearing on the merits and reflected by some "reliable and adequate" written evidence.